## JOHNSON *v.* ALAMEDA COUNTY.

WHERE the compensation for land taken by a county for public use, as for a road, does not precede or accompany the taking, the entire action of the county authorities is void.

A suit, in such case, against the county for the compensation, does not lie.

APPEAL from the Third District.

The Board of Supervisors of Alameda County located and opened a road over plaintiff's land. Plaintiff presented to the Board his claim for damages in the sum of seven hundred and sixty-five dollars. The Board allowed one hundred and fifty dollars. Plaintiff sues, and the Court below finds his damages to be one hundred and fifty dollars, and gives judgment accordingly. Plaintiff appeals.

*A. M. Crane,* for Appellant.

The action is founded on an implied assumpsit. There is no trespass.

Johnson *v.* Alameda County.

The county proceeds, not as a trespasser, not wrongfully, but rightfully, according to law, and lays out and opens a road across the plaintiff's land. For this, the plaintiff is entitled to "a just compensation." The Constitution secures this. (Const. Cal. Art. 1, Sec. 8; *Taylor* v. *Porter*, 4 Hill, 140.) Such compensation consists not only in the value of the land taken, but the expense of fencing against the road. (*Commonwealth* v. *Norfolk*, 5 Mass. 435; *Same* v. *Coombs*, 2 Id. 489; *Same* v. *Middlesex*, 9 Id. 388; *Perley* v. *Chandler*, 6 Id. 454; *Callender* v. *Marsh*, 1 Pick. 418.)

So soon then as the road was opened, the Constitution created an obligation to pay the damages. This was a solemn contract created by the Constitution between the public and the individual. And the plaintiff sues to recover, not as for a trespass, but simply and only "a just compensation" for his property.

No brief on file for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This action was brought to recover the sum of seven hundred and sixty-five dollars and two cents, claimed by the plaintiff as damages consequent upon the opening and laying out of a highway across his lands. The plaintiff has proceeded upon the supposition that the highway was properly opened, and his land lawfully taken from him, and that he has a valid, legal claim against the county for the compensation secured to him by the Constitution. This view is manifestly erroneous. The compensation should have preceded or accompanied the taking, and without it, every act of the Board of Supervisors was illegal and void. The opening of the road was, so far as appears, a simple trespass, for which the plaintiff was entitled to his action against the parties.

Judgment affirmed.

See *Bensley* v. *Mountain Lake Water Co.* (13 Cal. 306.)