[S. F. No. 6629. In Bank.—October 1, 1914.]

In the Matter of the Estate of PHILLIP SIMMONS, Deceased.

WILLS—CONTEST AFTER PROBATE—FAILURE TO ISSUE CITATION WITHIN YEAR—REFUSAL OF RELIEF TO CONTESTANT—APPEAL.—Where one who files a petition for the revocation of the probate of a will fails to have a citation issued within one year, an order refusing him relief from such failure may be reviewed on an appeal from an order dismissing the contest.

ID.—FAILURE TO ISSUE CITATION SEASONABLY—NATURE OF ORDER REFUSING RELIEF.—If the trial court refuses to grant such relief solely because it believes that it has no power, on any showing, to relieve a contestant from failure to have a citation issued within the time limited by the statute, its refusal is not an exercise of its

discretion to refuse relief under section 473 of the Code of Civil Procedure, but a dismissal of the motion for lack of jurisdiction.

ID.—RELIEF FROM EXCUSABLE NEGLECT—SUFFICIENCY OF AFFIDAVIT OF MERITS.—An affidavit of merits, on motion for an order relieving a contestant in such case from neglect and default in failing to have citation issued within one year, on the ground of excusable neglect, is sufficient if it declares that the contestant "stated all the facts in connection with the said contest" to her attorney, and upon such statement was advised by him and believed that she had a good and meritorious case. The word "contest" means not merely the ground of attack, but the entire dispute involved in such attack and the defense thereto.

ID.—JURISDICTION IN WILL CONTEST—WHEN ATTACHES—PURPOSE OF CITATION.—Jurisdiction of the subject matter in a proceeding to contest a will after probate is vested in the court on the filing of the petition, and the office of the citation is only that of a summons in a civil action,—namely, to give jurisdiction of the persons of those whose rights will be affected by revocation of the probate. While the issuance of citation within the year is requisite to the maintenance of the contest, and a failure to have it thus issued will, in the absence of an appearance by adverse parties, justify the dismissal of the contest, the proceeding is none the less commenced by the filing of the petition, and the court's jurisdiction of the contest attaches upon such filing.

ID.—FAILURE TO ISSUE CITATION—WHETHER REQUIRES DISMISSAL OF WILL CONTEST.—While section 1328 of the Code of Civil Procedure requires that the citation shall be issued within one year, in case of a contest after probate, there is no provision, as there now is in the case of a summons, prohibiting further prosecution of the proceeding, and requiring a dismissal, for failure to comply with the requirement.

ID.—POWER OF COURT TO GRANT RELIEF WHERE CITATION NOT ISSUED WITHIN ONE YEAR.—The trial court has power, under section 473 of the Code of Civil Procedure, to relieve a contestant, whose petition for revocation of the probate of a will, duly filed, has not been dismissed, from the failure to have citation issued and served within the year.

ID.—SECTION 473 OF THE CODE OF CIVIL PROCEDURE—LIBERAL INTERPRETATION.—Courts give a very liberal interpretation to the provisions of section 473 of the Code of Civil Procedure.

ID.—TIME LIMITED FOR PROCEEDING—DISTINCTION BETWEEN INSTITUTING NEW PROCEEDING AND TAKING STEP IN PENDING PROCEEDING.—Where a party desires to institute a new proceeding, such as a motion for a new trial, or an appeal transferring the cause to the jurisdiction of another court, or the commencement and prosecution of an action, his right depends upon his taking the initial step within the time limited by law; but where the proceeding itself is

pending, and the delay relates to a step in the course of that proceeding, the court may, upon a proper showing, relieve from the effect of delay, unless the statute expressly provides that the delay shall terminate the right to proceed further.

ID.—APPEAL—REVIEW OF ACTION OF TRIAL COURT IN GRANTING OR REFUSING RELIEF.—It is only in extreme cases that the action of the trial court, in granting or denying relief, can be reversed on appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing a will contest. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

H. P. Andrews, and Pemberton & Pemberton, for Appellant.

Joseph C. Meyerstein, and Asher, Meyerstein & McNutt, for Respondent.

SLOSS, J.—On the fifth day of February, 1912, two papers were admitted to probate as the last will of Phillip Simmons, deceased, and a codicil thereto. On the third day of October, 1912, Nellie L. Wertner, claiming to be an heir at law of the decedent, filed a contest and petition for revocation of probate. No application for the issuance of a citation was made, and no citation was ever issued.

On February 18, 1913, Permelia L. West, one of the residuary legatees named in the will, served upon the contestant a notice that she would move for a dismissal of the contest and petition for revocation on the ground that no citation had been issued within one year after the probate of the will and codicil. The contestant served notice of a counter-motion for an order relieving her from her neglect and default in failing to have citation issued within one year, and directing citation to be issued. The ground of the motion was, as stated in the notice, the excusable neglect of the contestant and her attorney. The notice was accompanied by affidavits.

The motion to dismiss and the motion for relief and the issuance of a citation came on for hearing together, and the court made its written order, in which, after reciting the hearing and consideration of the motions, it "finds that the failure of said Nellie Wertner to have citation issued in due

time arose from the entirely excusable neglect of her attorney as set out in his affidavit; that it was such neglect as would entitle said Nellie Wertner to relief from the consequences thereof, if this court had power and jurisdiction to grant such relief; but this court is of opinion, and therefore so decides and adjudges that it has no jurisdiction or power to grant such relief.'' Following this statement is an order granting the motion of Permelia L. West, denying those of Nellie Wertner, and dismissing the contest.

From the order or orders so made the contestant appeals.

It is suggested by respondent that the part of the order denying relief is not appealable. But we think the denial of relief was necessarily involved in the dismissal of the contest, and may, therefore, be reviewed on the appeal from the order dismissing. That the last mentioned order is a proper subject of appeal is not questioned.

If the order which was made could be construed as an exercise of the court's discretion to refuse relief under section 473 of the Code of Civil Procedure, there would be little or nothing to discuss here. Such determination could be assailed on appeal only where the court had abused its discretion in denying the relief. But the court below did not decide that the applicant's default was not due to excusable neglect. It refused to give the relief asked, solely because it believed it had no power, on any showing, to relieve a contestant from the failure to have citation issued within the time limited by the code. The order denying the contestant's motion for relief must, therefore, be regarded as ''a dismissal of the motion for lack of jurisdiction.'' (*Cahill* v. *Superior Court*, 145 Cal. 42, [78 Pac. 467].) So regarding it, the appeal presents for decision the one question whether the court below was right in its view on this matter of jurisdiction. It is contended by the respondent that this question is immaterial in the case before us, and that the error committed, if error there was, could not have been prejudicial. The argument is that, whatever may be our view of the right, in a proper case, to be relieved from the default here involved, this particular motion could not properly have been granted because: 1. There was no showing to justify a finding of excusable neglect; and, 2. There was no sufficient affidavit of merits. If these matters are to be considered on an appeal from an order refusing to entertain a motion for want

of jurisdiction, we cannot agree with the contentions thus made. The showing of excusable neglect was not, to be sure, a strong one. If the court below had denied relief on the merits, we should hardly have felt justified in interfering with the order made. On the other hand, it cannot be said that the showing was so devoid of merit that an appellate court would have been bound to overturn a conclusion that a case of excusable neglect had been made out. It is only in extreme cases that the action of the trial court, in granting or denying relief, can be reversed on appeal. The case before us is not one of those in which an abuse of discretion would be manifested by the granting of the relief. Nor can we assent to the contention that there was a total want of the affidavit of merits which is requisite to the granting of relief for excusable neglect under section 473 of the Code of Civil Procedure. The affidavit of the contestant declared that she had "stated all the facts in connection with the said contest" to her attorney, and upon said statement had been advised by him, and believed that she had a good and meritorious case. This is sufficient. The averment is not that she had stated only one side of the case to her attorney, as did the affidavits under consideration in *People* v. *Larue*, 66 Cal. 235, [5 Pac. 157], and similar decisions. She deposed that she had stated all the facts in connection with the "contest." The word contest, in this connection, is fairly to be understood as meaning, not merely the ground of attack presented by the contestant, but the entire dispute involved in such attack and the defense thereto.

The procedure for contesting a will after probate, is defined, so far as the main question here involved is concerned, by sections 1327 and 1328 of the Code of Civil Procedure. Section 1327 authorizes a contest by any person interested, within one year after probate. "For that purpose," it is provided, the contestant "must file . . . a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked." Section 1328 provides that "upon filing the petition, and within one year after such probate, a citation must be issued to the executor . . . and to all the legatees and devisees mentioned in the will, and heirs residing in the state, . . . requiring them to appear before

the court on some day therein specified, to show cause why the probate of the will should not be revoked."

It seems entirely clear that, under this statutory scheme, jurisdiction of the subject matter of the contest is vested in the court by the filing of the petition. Mr. Justice Temple, in his concurring opinion in *San Francisco Prot. O. A.* v. *Superior Court,* 116 Cal. 443, [48 Pac. 379], expresses the view that the proceeding is one *in rem,* and that service of a citation might have been omitted from the statutory procedure because not essential to jurisdiction of the *res.* But if it be thought that service of the citation has any bearing on the jurisdiction, its office can be only that of a summons in a civil action, viz., to give jurisdiction of the persons of those whose rights would be affected by revocation of the probate. A voluntary appearance would dispense with the necessity of service (*Abila* v. *Padilla,* 14 Cal. 106; *Estate of Ricks,* 160 Cal. 467, [117 Pac. 539].) While the issuance of citation within the year is requisite to the maintenance of the contest, and a failure to have it thus issued would, in the absence of an appearance by adverse parties, justify the dismissal of the contest (*Estate of Hite,* 155 Cal. 390, [101 Pac. 8]; *Estate of Ricks,* 160 Cal. 467, [117 Pac. 539]), the proceeding is none the less commenced by the filing of the petition, and the court's jurisdiction of the contest attaches upon such filing. *Bacigalupi* v. *Superior Court,* 108 Cal. 92, [40 Pac. 1055], relied on by respondent, merely holds that, where the petition for revocation had been dismissed, the court was without jurisdiction, after the expiration of a year from probate, to revive the lapsed petition and order a citation issued.

While section 1328 requires that the citation shall be issued within the year, there is no provision, as there now is in the case of a summons (Code Civ. Proc., sec. 581a), prohibiting further prosecution of the proceeding, and requiring a dismissal, for failure to comply with the requirement.

In view of these considerations, we think it must be held that the court has power, under section 473, to relieve a contestant, whose petition for revocation, duly filed, has not been dismissed, from the failure to have citation issued and served within the year. The proceeding (i. e., the contest) has been instituted, and jurisdiction over it has attached. The "default" sought to be excused is a failure to take, within time, one of the requisite steps in the prosecution of

the proceeding thus pending. The analogies to be drawn from the decided cases point to the conclusion that, in such a case, the granting of relief is permissible under section 473. As we have heretofore had occasion to point out, this court has given a very liberal interpretation to the provisions of this section. "Thus, for example," it was said in *Union C. Co.* v. *Oliver*, 162 Cal. 755, [124 Pac. 435], "it has been held that the trial court may relieve a party from the consequences of his failure to serve in time a proposed bill of exceptions (*Stonesifer* v. *Kilburn*, 94 Cal. 33, [29 Pac. 332]; *Pollitz* v. *Wickersham*, 150 Cal. 238, [88 Pac. 911]), or statement on motion for a new trial (*Vinson* v. *Los Angeles P. Ry. Co.*, 147 Cal. 479, [82 Pac. 53]), or from a failure to present to the judge for settlement, within the time allowed, a statement on motion for new trial with the amendments thereto (*Banta* v. *Siller*, 121 Cal. 416, [53 Pac. 935])." The illustrations given are all of cases in which a step in a pending action or proceeding was required by the code to be taken within a specified time, and the holding, in each instance, was that the objection to the belated taking of such step was a "proceeding taken against" the delaying party, and that relief might be given him under section 473. The case before us presents a similar situation. There is a clear distinction between it and *Union C. Co.* v. *Oliver*, 162 Cal. 755, [124 Pac. 435], where it was held that a party could not be relieved from his failure to serve and file a timely notice of intention to move for a new trial. The motion for new trial is "in the nature of a new and independent proceeding collateral to the judgment in the action." Where a party desires to institute a new proceeding, such as a motion for a new trial, or an appeal transferring the cause to the jurisdiction of another court, or the commencement and prosecution of an action, his right depends upon his taking the initial step within the time limited by law. But where the proceeding itself is pending, and the delay relates to a step in the course of that proceeding, the court may, upon a proper showing, relieve from the effect of delay, unless the statute expressly provides that the delay shall terminate the right to proceed further.

It follows that the order must be reversed, and that the court below should proceed to pass upon the merits of the appellant's application for relief, and dispose of the other

motions according to the decision upon such application. We do not reach this conclusion without some reluctance. The desirability of a prompt determination of questions affecting the settlement of estates is apparent. The opportunities afforded by the code for contesting wills are ample and on liberal terms, and it would seem to be the better policy to hold parties desiring to attack wills after probate to a rigid compliance with the requirement of issuing citation within the time allowed. But this is a consideration which must be addressed to the legislature, rather than the court. Under the existing statutes, as they have been applied by former decisions, we see no sufficient reason for holding that the court is without power to grant the relief here sought. We are not, of course, to be understood as intimating that the court below, should, when it comes to exercise its discretion upon the showing here made, exercise that discretion in favor of the appellant. The so-called finding, in the order, that there had been excusable neglect, was a mere preliminary to a refusal, for want of jurisdiction, to decide the question presented. The court below will be at liberty to pass upon the motion as if it were presented for the first time.

The order is reversed.

Henshaw, J., Melvin, J., Shaw, J., Lorigan, J., and Sullivan, C. J., concurred

Rehearing denied.