[Sac. No. 2286.   Department Two.—November 20, 1915.]

# In the Matter of the Estate of ELIZABETH LOGAN, Deceased.

WILLS—REVOCATION OF PROBATE—CITATION TO EXECUTRIX—DETERMINED FROM WHOLE CONTENTS OF CITATION.—A citation served upon the executrix upon a petition to revoke the will is a sufficient citation to give the court jurisdiction, in conformity with section 1328 of the Code of Civil Procedure, to hear the petition, if from the entire citation it appears that it was issued to her as such executrix, notwithstanding that she may not be designated therein as such executrix.

ID.—CITATION TO LEGATEE—DESIGNATION OF LEGATEE.—An individual designation of a person named as a legatee under a will is a sufficient designation in a citation issued on a petition to revoke the probate of a will.

ID.—CITATION SHOWING DESIGNATION AS EXECUTRIX.—A citation to a group of persons, including the person named as executrix, to show cause why the will should not be adjudged void and the order appointing "said person" as executrix thereof should not be set aside, and "the letters testamentary theretofore issued to said" person be canceled, shows on its face that it was issued against her in her representative capacity as executrix.

ID.—JURISDICTION DEPENDS UPON FILING PETITION WITHIN THE YEAR— NOT DEPENDENT UPON ISSUANCE OR SERVICE OF CITATION WITHIN THE YEAR.—The jurisdiction of the court to entertain a petition for the revocation of the probate of a will depends upon the filing of the petition within the year and not upon the service of the citation upon the interested parties.

ID.—FUNCTION OF CITATION—WHEN CITATION MAY BE ISSUED—WHEN SERVED—RELIEF FOR FAILURE TO ISSUE OR SERVE WITHIN THE YEAR. The office of a citation is that of a summons to give the court jurisdiction· over the interested parties, and it is not essential that it be issued or served within a year, and although the court may dismiss the petition for failure to issue and serve the citation within the year, yet the court has power to relieve the contestant from the default, and as there is no provision requiring the citation to be served within the year, when it is issued within the time, it can grant relief from a failure to serve it within the year by ordering it to be served at a later time.

ID.—CITATION—SHOWING ON APPLICATION FOR RELIEF FROM FAILURE TO SERVE PRIOR TO RETURN DATE.—Where there is a showing that the citation could not be served upon all the parties before the return day, the court can grant relief by extending the time for the return and ordering the citation to be served at a future time within the time to which the return is extended.

APPEAL from an order of the Superior Court of Solano County dismissing a petition for the revocation of the probate of a will.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

J. C. Campbell, Weaver, Shelton & Levy, for Appellant.

Leo J. McEnerney, Thos. B. Lynch, L. J. Harrier, Philip R. McEnerney, James H. O'Leary, and F. R. Devlin, for Respondents.

LORIGAN, J.—This is an appeal from an order made on motion of the executrix of the probated will dismissing a petition for its revocation and all proceedings thereon.

On August 25, 1913, the will of Elizabeth Logan, deceased, was admitted to probate in the superior court of the county of Solano.   The will nominated Mary A. McEnerney as executrix thereof, who duly qualified and letters testamentary were issued to her.   Said Mary A. McEnerney was also made one of a number of legatees under the will.   On August 18, 1914, appellants, alleging themselves to be heirs at law and next of kin of said Elizabeth Logan, deceased, filed a petition for the revocation of the probate of said will; that it should be adjudged that said instrument was void and not the last will or testament of said decedent, and for a cancellation of the letters testamentary issued to said Mary A. McEnerney. On August 21, 1914, a citation was issued upon said petition. This citation was formally addressed to "Mary A. McEnerney, Mary McSorley, Mary McInnis," and a number of others, citing them to appear in court on September 10, 1914, at 10 o'clock A. M. of that day, to show cause why the probate of said will should not be revoked and said instrument adjudged to be void, and "why the order admitting the purported will to probate and appointing said Mary A. McEnerney as Executrix thereof should not be annulled . . . and that the letters testamentary theretofore issued to said Mary A. McEnerney be canceled."   The grounds upon which the contest of the will was based were set forth in the citation.   On September 17, 1914, upon affidavit of one of the attorneys for the contestants showing inability to serve the citation on some of the parties named therein, the superior court made an order "that

the return day specified in the citation heretofore issued . . . be and the same is hereby continued and postponed until the 2d day of November, 1914; that the persons named in said citation upon whom service thereof has not been made appear and show cause as directed in said citation on said 2d day of November, 1914; and the said citation may be served upon said persons by delivering to and leaving with them a copy of said citation, together with a copy of said petition and a copy of this order attached thereto within at least five days prior to said 2d day of November, 1914.''

On the same day that the order just referred to was made Mary A. McEnerney, both as executrix of said will and individually, served on contestants notice of a motion to be made before the superior court on September 28, 1914, for an order dismissing the petition for the revocation of the will on the particular ground stated in the notice that said court ''had no jurisdiction to hear or determine said petition to revoke the probate of the last will of decedent.'' This motion coming on for hearing on the day noticed the following order was made by the court: ''That the court has no jurisdiction to hear and determine said petition for the reason that the citation issued herein is insufficient in law and evidence and it is therefore ordered that said petition and citation and all proceedings based thereon be and the same are hereby dismissed.''

It is from this order that the appellants take this appeal.

Respondents on this hearing made a preliminary objection to the entertaining of this appeal here on the ground of insufficiency of the transcript on appeal. Without discussing the point, our examination of the record as presented satisfied us that the objection is not tenable.

As to the merits of the appeal: The sole ground on which the motion to dismiss was based was that the superior court did not have jurisdiction to proceed with the hearing of the petition to revoke the probate of the will for two reasons: First, that no citation had issued to Mary A. McEnerney in her representative capacity as executrix of the will within one year after the probate of the will, as is required by section 1328 of the Code of Civil Procedure; second, that, even if such a citation was issued to Mary A. McEnerney as executrix, no service thereof had been made on her up to the return day, September 10, 1914, as fixed in the citation, and the court

had no power to make the order of September 17th extending the time for service to November 2, 1914.

While we think it is apparent from the record that the order of the court dismissing the petition was based solely on the ground that no citation to Mary A. McEnerney, as executrix, had been issued within a year following the probate of the will, or at all, and that it therefore had no jurisdiction to entertain the petition of contest, it is insisted by respondents that the order was properly based, or at least is sustainable, on both grounds. Adopting this position of respondents, the question to be determined is whether the order was properly made for either or both the reasons presented. We do not think it can be sustained on either of the grounds urged, and shall consider these grounds separately.

Section 1328 of the Code of Civil Procedure provides that upon the filing of the petition (for revocation of the probate of a will) and within one year after such probate "a citation must be issued to the executor of the will, . . . and to all the legatees and devisees mentioned in the will, . . . requiring them to appear before the court on some day therein specified, to show cause why the probate of the will should not be revoked."

The theory of the respondents in support of their motion based on the first ground to which we have referred, and the view doubtless taken by the court, was that the citation caused by appellants to be issued within the year, in so far as it ran to "Mary A. McEnerney," did so in her individual capacity as a legatee under the will and not, as it should have under the requirement of the code section, issue against her in her capacity also as executrix of the will. It is undoubtedly true that when the opening part of the citation is examined—that is, setting forth the names of the parties to whom the citation ran—it is not directed to Mary A. McEnerney in her capacity as executrix of the will. She is not therein specially designated as such. It is issued against her generally. But while it is essential in a contest of a will after probate that a citation shall issue to the executrix of the will, whether it has been so issued to her in such capacity is not to be determined by an inspection solely of one part of the citation which may contain the names of the parties to it. The entire citation should be looked to, and if, from its whole tenor, it appears that it was issued to her in her capacity as executrix,

it is immaterial that she may not be expressly designated as such. The citation is mere process designed to bring the parties named in it into court in the capacities in which they are interested in the contest inaugurated, and if when a citation is read it can leave no doubt but that it was issued against one in his capacity as executor, although not so specially designated, it meets the requirement of the code section, and is a sufficient citation against him in his representative capacity. Within this rule, when we examine the citation attacked, there can be no reasonable doubt from its entire tenor that it was issued to Mary A. McEnerney in all the capacities in which she was interested in the proceeding for the revocation of the will. It was issued against her generally, as is conceded, and this was sufficient as far as she appeared to be a legatee under the will. It was not necessary to designate her as such. An individual designation was sufficient. As far as her representative capacity as executrix is concerned, it must be conceded that the citation was not addressed to her specifically in that capacity. But it was issued for service upon her. It contained a statement that the petition for the revocation of the will had been filed in which the validity of the will was attacked on various grounds particularly mentioned, and directed that the persons cited, including "Mary A. McEnerney," show cause why "it should not be adjudged that said instrument is void," and that the order theretofore made admitting said purported will to probate and "appointing *said* Mary A. McEnerney as executrix thereof should not be set aside and . . . the letters testamentary theretofore issued to *said* Mary A. McEnerney be canceled." Taking into consideration the presence of these particular recitals in the citation as to the nature and purposes of the proceeding in the contest of the will to which "Mary A. McEnerney" was cited to appear and show cause why the will should not be adjudged void and *her* letters testamentary canceled, it is sufficiently certain that the citation was issued to her both in her representative and individual capacities, and called upon her to appear and show cause as well in her representative capacity as executrix as in any other capacity in which she might be interested in defeating the revocation of the will. When by the direct terms of the citation she was required to show cause why the will should not be declared void, she was advised that it was issued to her as a legatee, because in that

capacity she was interested in defeating any revocation of it. When, in addition, it advised her, though named generally, that she was called upon to show cause why the order appointing her executrix should not be set aside and her letters testamentary canceled, it was apparent from these matters that the citation was directed to her in her representative capacity. When a will is admitted to probate, it is the duty of the executor to defend and uphold the will against any subsequent attack for its revocation made upon it (*In re Whetton*, 98 Cal. 203, [32 Pac. 970]; *In re McKinney*, 112 Cal. 447, [44 Pac. 743]), and this duty primarily rests upon the executor and not upon the legatees or devisees. This being the legal duty of the executor where a citation, as here, not only informed Mary A. McEnerney that a petition had been filed to have it adjudged that the will theretofore probated was void, but further informed her that it was sought to have her letters testamentary issued on such probate set aside and annulled and called on her to show cause why these things should not be done, it sufficiently appeared therefrom that the citation though addressed to her generally was issued to her not only in any individual capacity as a legatee under the probated will which she might occupy, but also in her capacity as executrix of the will itself.

We are therefore of the opinion that the citation sufficiently appeared to be issued to respondent in her capacity as executrix, and, hence, the superior court erred in holding to the contrary and dismissing the petition on the theory that it did not.

As to the other point made by the respondents that the court had no power on September 17th and after the return day specified in the citation—September 10th—to extend the return day to November 2d: The claim is that the citation became *functus officio* upon the expiration of the original return day; that no service on the respondent having been made at that time, the jurisdiction of the court to further entertain the proceeding for the revocation of the will was gone. Little need be said on this point. The jurisdiction of the court to entertain a proceeding for the revocation of the will does not depend upon the issuance and service of a citation within a year after the probate of the will. Jurisdiction of the court attaches on the filing of the petition inaugurating the contest. The office of the citation is only that of

a summons—to give the court jurisdiction of the parties who would be affected by its revocation. It is not essential to the jurisdiction of the court that the citation be issued and served within a year. The only penalty for failure to have it issued within that time is that the court may dismiss the contest. And even where there has been a failure to have it issued within the year, the court may nevertheless relieve a contestant for his failure to do so and thereupon order a citation issued and served. (*Estate of Simmons,* 168 Cal. 390, [143 Pac. 697].) It is to be observed, further, that though it is required that the citation be issued within a year, there is no provision of the law prescribing when it shall be served. As the court may relieve for failure entirely to have a citation issued and served within the year, it certainly can relieve from a failure to serve where it is at least issued within a year. This the court had done here on a showing which was satisfactory to it. It is of no consequence that the return day had expired before the order directing the citation to be served at a later day was made. The expiration of the original return day of the citation and the inability of the contestants to serve all the parties by that time was the very ground on which the court on a satisfactory showing granted them the relief of being permitted to make a service at a future time and extended the time for doing so. There is no provision of the law which declares that a failure to serve within the return day of a citation should preclude the court from ordering a supplemental or *alias* citation to be issued or to extend the time of service of one originally issued where the return day thereof has elapsed. Within the rule of the *Estate of Simmons, supra,* the power of the court to relieve a party for failure to serve a citation already issued and by its order extend the time to make service is just as full as its power to relieve for failure to have the citation issued within a year.

At the time the order dismissing the petition of contestants was entered some of the parties named in the citation had not been served. At that time, however, the period within which service might be made under the order extending the time for doing so to November 2d had not expired, and the order of the court dismissing the petition cut them off from making such service. In view of this fact the court is directed on the going down of the *remittitur* in this case to make a further

order extending the time for appellants to make service on the parties who had not been served when the order dismissing the petition for revocation was made, or such order as may be necessary to protect the rights of the contestants if in any manner they have been affected by the order dismissing their petition or by the pendency of this appeal.

The order appealed from is reversed.

Melvin, J., and Henshaw, J., concurred.

Hearing in Bank denied.