[L. A. No. 6980. In Bank.—February 3, 1922.]

In the Matter of the Estate of MARION M. WITHEN-BURY, Deceased. CLARA LELAND PABODIE, Appellant.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST—DELAY IN ISSU-ING CITATION—RELIEF FROM—JURISDICTION.—The issuance of the citation under a petition for revocation of probate of the will of a deceased person is not jurisdictional, and the trial court has power to relieve the petitioner from failure to issue such citation within a year if, in its opinion, such failure was the result of excusable neglect.

[2] ID.—EXCUSABLE NEGLECT.—Where an attorney petitioning for revocation of probate of the will of a deceased person, while busily engaged in the trial and briefing of two important cases and very much engrossed in those matters, as well as a large number of other matters pertaining to the business of his office, including the will contest, placed the petition in the hands of a clerk employed by him, with instructions to file and serve the same, and said clerk, who was duly admitted to practice as an

attorney and had always been efficient and conscientious in his duties, but who was unfamiliar with the provisions of section 1328 of the Code of Civil Procedure and believed that the only service of the petition necessary was by delivery to the party or attorney for the executor, served a copy of the petition upon the executor and filed the same, the neglect in not having a citation issued within one year after probate was excusable and the petitioner entitled to relief therefrom, where the employer, who believed that the matter had been properly attended to, upon discovering the default after the expiration of the one year period, procured and served the citation within six days after the expiration of such period.

APPEAL from an order of the Superior Court of Los Angeles County dismissing a petition for revocation of probate of a will. James C. Rives, Judge. Reversed.

Anderson & Anderson, Edward F. Wehrle and W. H. Anderson for Appellant.

Jefferson P. Chandler for Respondent.

WILBUR, J.—On November 17, 1920, appellant served and filed a petition for the revocation of the probate of the will of the deceased, probated November 24, 1919, alleging that the will was procured by fraud and undue influence. Citation thereon was issued November 30, 1920. The executor moved to dismiss the petition for revocation on the ground that no citation had been issued within one year after the probate of the will as required by section 1328 of the Code of Civil Procedure. The appellant upon affidavits moved for relief from such failure on the ground of excusable neglect, and the court, after finding the facts as hereinafter stated, denied appellant relief and ordered the dismissal of the petition for revocation. The petitioner appeals from this order.

The question for our consideration is this: Was the delay of the petitioner for more than five days after the expiration of the year from the time of the probate of the will so far justified by the circumstances found by the trial court as to require a reversal of its order denying petitioner the relief sought and dismissing the petition? [1] The issuance of the citation is not jurisdictional, and the trial court had the power to relieve the petitioner from the fail-

ure to issue such citation within a year, if in its opinion such a failure was the result of excusable neglect. (*Estate of Simmons,* 168 Cal. 390 [143 Pac. 697].) [2] The facts found by the trial court and the facts relied upon by the appellant to constitute excusable neglect, briefly stated, are as follows: That J. A. Anderson, a member of the firm of Anderson & Anderson, appellant's attorneys, had been absent from the office of the firm for more than two weeks prior to November 17, 1920, and had not participated in the business of said firm during that period and that the entire burden of the business and affairs of said office had fallen upon and were attended to by W. H. Anderson; that on November 17, 1920, said W. H. Anderson had just completed the trial of and was engaged in briefing two cases of importance, one of which had occupied more than four weeks in its actual trial, and was very much engrossed in that matter, and in addition thereto had a large number of matters pertaining to the business of his office, including the matter of the contest of the will in this proceeding, on his hands for disposition; that on November 17, 1920, affiant placed the petition for revocation of probate in the hands of a clerk, duly admitted to practice as an attorney at law and employed in the office of said firm of Anderson & Anderson, with instructions to file and serve the same; that said clerk has had some practice and has always proved himself to be most efficient and conscientious in the performance of all the duties assigned to him by said firm, but was unfamiliar with the provisions of section 1328 of the Code of Civil Procedure, and assumed and believed that the only service of the petition for revocation of the will necessary was service by delivery to the party or attorney for the executor under the provisions of section 1011 of the Code of Civil Procedure, and served a copy of said petition for revocation upon the executor on November 17, 1920, and thereupon filed the petition for revocation; that W. H. Anderson believed that the matter had been properly attended to and gave no further attention to the matter until November 29th, and immediately thereafter, on November 30, 1920, caused a citation to be issued and served as required by section 1328 of the Code of Civil Procedure; that said clerk had been engaged in attending to the filing and serving of various papers and records in

the various courts and had practically exclusive charge of that branch of the business of said firm; that said clerk was ignorant as to the requirements of section 1328 of the Code of Civil Procedure, with reference to the issuance of citations, and assumed that the only service necessary was upon the executor of the estate under section 1011 of the Code of Civil Procedure, and did not become aware of his mistake until November 27, 1920.

It appears from the foregoing findings that the attorney representing the petitioner either overlooked the requirements of section 1328 of the Code of Civil Procedure or failed to call the attention of the clerk serving the papers to such provision.

In considering whether excusable neglect was shown, it should be observed that within ten days after the filing of the petition and within three days after the expiration of the year from the probate of the will, the clerk discovered that the required citation had not been issued within the time required by law, and within three days thereafter the attorney secured and served such citation. The requirement with reference to the issuance of citation within a year after probate upon such a petition for revocation differs from the ordinary rule with reference to the issuance of summons upon the commencement of the action and from the ordinary requirement with reference to the service of papers upon an adverse party who has appeared in the action, so that the special requirement might well have been overlooked or forgotten unless an examination of the code was made at the time of the institution of the proceedings for the revocation of the will.

It would seem clear that unless the entire burden of attending to every detail of practice is to be borne by the attorney in charge of litigation as distinguished from his clerks and employees that the neglect of the attorney in this case was excusable. It must be conceded that any attorney having a large practice must rely to some extent upon his employees for the conduct of the litigation intrusted to him, and the issuance and service of a citation is one of the matters which an attorney would be justified in confiding to a trusted employee, who was himself an attorney. In this case there is no reason for penalizing the petitioner because the delay was slight and the service

of the petition for revocation upon the executor gave prompt notice of the pending contest.

It is true that the trial court has a very wide discretion in granting or refusing relief under section 473 of the Code of Civil Procedure, but there is in this case no dispute as to the facts, and the case is before us upon the broad proposition of whether or not the denial of relief by the trial court was a proper exercise of judicial discretion. While we are reluctant to interfere with the conclusion of the trial court upon a matter of this sort, involving as it does the expeditious disposition of a probate matter, we feel that the appellant ought not to be deprived of her right to contest the will because of the slight delay, if any, brought about by the neglect of her attorney, which, under the admitted facts, we think was excusable and should have been so held by the trial court.

Order reversed.

Lennon, J., Shurtleff, J., Waste, J., Sloane, J., Lawlor, J., and Shaw, C. J., concurred.

Rehearing denied.

All the Justices concurred.