IN THE MATTER OF THE ESTATE OF VAL M. FIED-
LER, Deceased. VAL HERMAN FIEDLER, Plaintiff and
Appellant, v. CASPER A. MOORMANN, Executor of the
Estate of Val M. Fiedler, Deceased, and CASPER A.
MOORMANN, Individually, JOHN B. MOORMANN, MRS.
JOE R. WITT, MRS. JOHN FAUL, MRS. JOE FAUL and
MRS. LANSON YOUNG, (Formerly Known as Miss Tim-
mers), Defendants and Respondents.

No. 10243.
Submitted November 6, 1961. Decided January 4, 1962.
367 P.2d 560.

Lavon R. Bretz and J. H. Corcoran, Great Falls, Ralph J.
Anderson (argued orally), Helena, for appellant.

Graybill, Bradford & Graybill, Great Falls, Truman G. Brad-
ford (argued orally), Great Falls, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order dismissing a petition for the
probate of a Will.

Respondent filed, on July 27, 1959, a petition for admission
to probate of the last will of Val M. Fiedler, deceased. Re-
spondent was named executor in the will. On July 29, 1959,
appellant filed "Objection to appointment of Executor and
Cross-Petition for Letters of Administration". In these ob-
jections, the appellant alleged that respondent was not qualified
to serve as executor and prayed that the court appoint appel-

lant as administrator with will annexed. On August 13, 1959, the will was admitted to probate and the ''Objections to appointment of Executor and Cross-Petition for Letters of Administration'' were denied.

On August 11, 1960, within two days of the time when filing a contest of the will would have expired, appellant filed a petition contesting the validity of the will. No citation was issued at the time of the filing of the petition.

On November 28, 1960, respondent filed a motion to dismiss the petition contesting the validity of the will on two grounds: (1) that the verification of the petition was false, and (2) that no citation had been issued. This motion was served the same day on counsel for the appellant. The same day, November 28, 1960, notice of hearing the motion to dismiss was given, setting the hearing for December 7, 1960.

On December 1, 1960, counsel for the appellant caused to be made an order for citation on the petition to set aside and revoke probate of the will, the citation to require appearance on February 15, 1961. This order was signed by Judge Nelson rather than the judge of the department before whom the matter was pending.

On December 7, 1960, hearing was had on the motion to dismiss and the order dismissing the petition contesting the validity of the will was made December 27, 1960. The order was signed by Judge Hoffman. The order does not state upon which ground or grounds of the motion it was granted. It is from this order that appellant appeals.

To further enlighten the situation, we note that the respondent discovered that a petition contesting the will had been filed only by chance. Then, too, while a motion to dismiss was pending hearing, appellant went to a different judge to have an order for issuance of citation made, the lack of issuance of which was one of the very grounds for the motion to dismiss.

Further, the appellant appeals on only the judgment roll, new counsel explaining that the time to have a bill of excep-

tions prepared and settled having expired before he, new associate counsel) entered the case. We granted an order for suggestion of diminution of the record by respondent, whereupon respondent filed a transcript of reporter's notes of testimony disputing and contradicting a counter-affidavit of counsel L. R. Bretz, one of counsel for the appellant, which counter-affidavit was in opposition to the motion to dismiss.

The alleged error was in ordering the petition contesting the will dismissed while a citation on a petition contesting the will was outstanding. Appellant then urges that R.C.M.1947, § 91-1102, requires interpretation as to whether a citation need be issued within one year following admission of the will to probate.

Appellant would have us rule upon this matter upon a transcript without a bill of exceptions. He urges that we should consider the matter only upon the basis of the counter-affidavit appearing in the transcript and moved to strike the testimony offered on suggestion of diminution of the record disputing and contradicting the counter-affidavit. Then, appellant would have us presume that Judge Nelson, the other department judge, had before him a sufficient showing to have issued the order for citation, in spite of the motion for dismissal, upon that very ground being considered by the other department.

We might indulge in the presumption urged, and then find ourselves indulging in the further presumption that Judge Hoffman also had a showing before him that the other ground for dismissal, that the verification was false, was proven. Such would avail nothing.

Addressing ourselves to R.C.M.1947, § 91-1102, which section provides:

"*Citation to be issued to parties interested. Upon filing the petition, a citation must be issued to the executors of the·will,* or to the administrators with the will annexed, and to all the legatees and devisees mentioned in the will, and heirs residing in the state, so far as known to the petitioner, or to their guard-

ians, if any of them are minors, or to their personal representatives, if any of them are dead, requiring them to appear before the court or judge on some day therein specified to show cause why the probate of the will should not be revoked.'' Emphasis supplied.

R.C.M.1947, § 91-1101, provides for contest of probate of a will within one year.

Thus our question is whether the petition contesting the will was properly dismissed since the citation was not issued within one year following admission of the will to probate.

It will be seen that section 91-1102 states, ''Upon filing the petition, a citation must be issued''. That language is clear and explicit.

Appellant argues, however, that, conceding that he was in default, nonetheless he may be excused or relieved of his default. He then states that upon the record before us, without the diminution of the record previously mentioned, the showing in the counter-affidavit of Bretz was sufficient to relieve from the default any failing to have the matter promptly heard.

Here is what the counter-affidavit states:

''* * * and that after the filing of his petition your petitioner had occasion on several instances to discuss the matter of this proceeding with attorneys representing or purportedly representing the defendant, Casper A. Moormann, in the above-entitled action; that your affiant recollects that in each of these different discussions the question of obtaining service on Casper A. Moormann in this matter was discussed, and your affiant recollects that the said attorneys for Casper A. Moormann indicated that he being outside of the State of Montana and a resident and citizen of Canada that they would duly and regularly appear in the above-entitled matter, and for this reason your affiant not being able to obtain service on the said Casper A. Moormann within the State of Montana because of his Canadian residence, considered that said counsel would in due course appear in said Will contest and that the said Casper A.

Moormann has now appeared in said action through his attorneys with his Motion to Dismiss the Will contest.''

We fail to see the sufficiency of this showing. For any counsel to ''consider'' that someone will appear and thus be excused from the clear mandate of the statute is hardly a legal excuse sufficient to justify the probate judge in excusing the default.

But, appellant goes on to argue that Judge Nelson's issuance of the citation, on December 1, 1960, almost four months after the time for contest had expired, effectively relieved him of his default. Then he argues that we must ''presume'' that Judge Nelson had before him a sufficient showing that the default was excused, apparently on some different showing than that heretofore set out from the counter-affidavit.

As previously remarked, if we indulge in this presumption, we should also indulge in the presumption that Judge Hoffman had a sufficient showing that the petition should be dismissed on either ground.

Then appellant urges an examination of California cases to determine the correct rule of interpretation of section 91-1102. We first observe that the language of 91-1102 is clear and explicit. We also observe, as we heretofore discussed, that we are not involved with a consideration of an excuse of default and need not further consider that. Appellant cites Estate of Logan, 171 Cal. 357, 153 P. 388, and Estate of Simmons, 168 Cal. 390, 143 P. 697, for the proposition that while the citation was outstanding the trial court was powerless to dismiss the petition. In Estate of Logan, supra, the court at page 362 of 171 Cal., at page 390 of 153 P. said: ''Jurisdiction of the court attaches on the filing of the petition inaugurating the contest. The office of the citation is only that of a summons, to give the court jurisdiction of the parties who would be affected by its revocation. It is not essential to the jurisdiction of the court that the citation be issued and served within a year. *The only penalty for failure to have it issued within that*

*time is that the court may dismiss the contest.* And even where there has been a failure to have it issued within the year the court may nevertheless relieve a contestant for his failure to do so and thereupon order a citation issued and served. (Estate of Simmons, 168 Cal. 390, 143 P. 697.)''

Also appellant cites Horney v. Superior Court in and for Santa Clara County, 83 Cal.App.2d 262, 270, 188 P.2d 552, 556. In that case the issue was service of the citation. The citation had been issued. The court differentiated between a citation and a summons, observing that: ''A summons in a civil suit action issues at the whim or caprice of the plaintiff at any time within one year of the filing of the complaint, and need not be served, if issued, for three years from that date. *The citation in a will contest issues forthwith upon the filing of the contest.* If issued but not served, or, if served, the probate court possesses inherent power to dismiss for failure to prosecute, and this might be done in less than the three-year period prescribed by section 581a. The legislature has unmistakenly indicated its desire that probate matters be heard and determined expeditiously.''

We have examined all of the California cases urged by appellant and find them either not applicable or decided under the California statute, described as old section 1328 of the Code of Civil Procedure in Horney v. Superior Court in and for Santa Clara County, supra; and not under the present law, sections 379 and 381 of the Probate Code wherein it is provided that citation issues upon filing of the petition. We find no authority which would require us to reverse the lower court's order dismissing the petition.

We have not found it necessary to consider the matters sought to be included in the record by diminution and therefore do not rule on the motion to strike.

The order appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.