IN THE MATTER OF THE ESTATE OF B. N. WILLNER, Deceased.

JONS NILSSON LUNDAH, ANNA BEATA ANDERSON, ET AL., Contestants and Appellants, *v.* ERNEST O. LEE, DON HANSON, ET AL., Proponents and Respondents.

No. 11045.

Submitted June 13, 1966. Decided June 27, 1966.

416 P.2d 24.

Morrison & Ettien, Havre, Robert D. Morrison (argued), Havre, for appellants.

Weber, Bosch & Kuhr, Havre, John B. Kuhr (argued), Havre, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order granting a motion to dismiss appellants-contestants' petition to contest the will of B. N. Willner, deceased.

This case mainly involves the procedural steps that must be taken to validly initiate a contest of a will. The facts are not in dispute.

The last will and testament of B. N. Willner, deceased, was duly and regularly admitted to probate on March 26, 1965. On September 14, 1965, the appellants filed a petition to contest the will of the deceased. On October 1, 1965, six months and four days after the will had been admitted to probate, a citation was issued. A motion to dismiss appellants' petition was filed on October 8, 1965. The motion to dismiss was heard on October 27, 1965, and the order granting the motion and dismissing the petition was entered that day. The order granting the motion noted that In re Fiedler's Estate, 140 Mont. 22, 367 P.2d 560 (1962), "decides directly that the issuance of a citation is mandatory and is necessary to take it outside the Statute of Limitation."

The relevant code sections, as far as this appeal is concerned, dealing with the contest of a will are R.C.M.1947, §§ 91-1101 and 91-1102. Section 91-1101 provides in part:

"When a will has been admitted to probate, any person interested may, *at any time within six months after such probate,* contest the same or the validity of the will." (Emphasis supplied.)

Section 91-1102 provides in part:

"*Upon filing the petition, a citation must be issued to* the executors of the will * * *." (Emphasis supplied.)

The issue raised by this appeal is whether the petition contesting the will was properly dismissed since the citation was not issued within six months following the admission of the will to probate. This issue is not new to this court. As noted in the order appealed from, it was presented to this court in In re Fiedler's Estate, supra. That case interpreted Section 91-1101 (the statutory period was one year at the time the Fiedler case, supra, arose, and reduced by amendment to six months in 1963) and Section 91-1102. We held in the Fiedler Case, supra, that failure to issue the citation within the statutory period was a fatal defect to the contest of the will. This is still the rule of law in Montana today.

In support of their position, appellants refer this court to only one case that has been decided in another jurisdiction since the Fiedler case, supra, was decided. That case is C. de Baca v. Baca, 73 N.M. 387, 393, 394, 388 P.2d 392, 397, which was a will contest. In affirming the dismissal of the action, the New Mexico Court stated:

"Instead, we prefer to base our decision on the fact that Gertrude Tafoya, the sole beneficiary, was never served, nor did she ever enter her appearance, and that being a necessary and indispensable party, the action could not proceed without her.

\* \* \* \* \*

"There can be no doubt that Gertrude Tafoya, or her personal representative, was a necessary and indispensable party, and not having been made a party the trial court did not err in sustaining the motion seeking dismissal of the cause. Its action is affirmed."

That clearly is not the issue in this case.

The district court's order correctly interpreted the Fiedler Case, supra.

The order appealed from is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, DOYLE, ADAIR and CASTLES concur.