THE STATE OF MONTANA, EX REL. ARLIE E. CRAIG, AS EXECUTOR OF THE ESTATE OF JOHN S. CRAIG, DECEASED, RELATOR, *v.* THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF YELLOWSTONE, AND DEPARTMENT NO. 1 THEREOF, RESPONDENT.

No. 11724
Submitted September 2, 1969.
Decided September 4, 1969
458 P.2d 608.

Berger, Anderson & Sinclair, Richard W. Anderson (argued), Billings, for relator.

Ernest F. Boschert (argued), Billings, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is a special proceeding in which relator seeks a writ

of supervisory control or other appropriate writ dismissing the contest of probate of will in respondent court.

On August 12, 1969 relator appeared through counsel and was heard by this Court ex parte. On that day we ordered the respondent to appear on September 2, 1969, to show cause why an appropriate writ should not issue. Due to the unusual circumstance that the respondent district court, Dept. No. 1, is vacant, the Honorable E. E. Fenton having become deceased, it was ordered that the real party in interest, the contestant Melvin E. Renstrom, be served through counsel so that he could respond to the order to show cause as respondent. On September 2, 1969 both parties appeared and gave oral argument.

The facts leading up to this proceeding are as follows. The will of John S. Craig, deceased, was admitted to probate on November 25, 1968. Relator was appointed executor of the estate on that date. Melvin E. Renstrom, an alleged heir of the estate, notified relator on April 17, 1969 he was going to file a petition contesting probate of the will. He did not file such petition until after 5:00 p.m., May 26, 1969, and the clerk refused to issue a citation without an order from the court. On May 27, 1969 the respondent court ordered the clerk to issue the requisite citation which was subsequently served upon relator the same day. Relator thereafter, on May 29, 1969, moved the respondent court to dismiss the contest on the ground that the issuance of the citation was one day after the six months allowed by law within which to bring a contest action. Respondent court denied the motion and instead made, in effect, a nunc pro tunc order that the date of the citation be changed to read the 26th of May rather than the 27th of May. The court's reasoning for this order appears to be that since the clerk refused to issue the citation directly to the contestant without first having obtained an order from the judge this was contrary to the law, section 91-4306, R.C.M.1947, which allows the clerk to issue citations without an order from

the judge. Thus, respondent-contestant argues that the court was merely correcting an error made by the clerk and this, he says, is completely within the equitable power of the court where there is a mere technicality involved.

Relator argues that this type of order is beyond the jurisdiction of the court and that the petition for will contest should have been dismissed because the statute of limitations had run. With this we agree.

The sole issue presented for our determination is whether the district judge has the power to issue a nunc pro tunc order backdating a citation which the clerk of court mistakenly refused to issue without an order of court thereby allowing the time under the statute of limitations to elapse.

The statute of limitations for contesting the will in this case ended on May 26, 1969. Thus, if the citation was not issued on that day then no contest could take place. Estate of Fiedler, 140 Mont. 22, 367 P.2d 560; Estate of Willner, 147 Mont. 538, 416 P.2d 24.

The power to issue a nunc pro tunc order is inherent in the court. We stated the general rule as to such orders in State ex rel. Union Bank & Trust Co. v. District Court, 108 Mont. 151, 156, 91 P.2d 403, as follows:

" 'In case of an omission or error in the record, the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case; but a court cannot amend its record to correct a judicial error or to remedy the effect of judicial non-action.' "

In the Montana Federal District Court, Judge W. J. Jameson stated in Kelly v. Harris, 158 F.Supp. 243 (D.Mont.1958), at p. 247,

"It is the function of a nunc pro tunc order to 'make the record speak the truth and the power to do so is inherent in the court, but in the exercise thereof the court may not do more than make its records correspond to the actual facts; it cannot under the guise of amending of minute entry correct any judi-

430

cial error it may have made, or cause an order or judgment that was never in fact made to be placed of record.' Rae v. Brunswick Tire Corporation, 1935, 45 Ariz. 135, 40 P.2d 979, 979.''

Thus it is generally accepted that a nunc pro tunc order may be made to change the record where it is incorrect because of error. But such an order cannot be made where the record is correct. The citation here was dated the 27th of May, the day the court ordered its issuance, and it cannot later be backdated to the 26th because that simply was not the fact. On May 26, the clerk did not issue a citation, the judge did not make an order. Backdating does not correct the jurisdictional requirement of having the citation issue in the six month period.

Respondent court's order denying relator's motion to dismiss the will contest is hereby set aside and the contest of will is dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL and JOHN C. HARRISON, concur.