489 P.2d 294

**In the Matter of the ESTATE of Josephine G. SHIELDS, Deceased.**

**John G. SHIELDS, Appellant,**

v.

**Jay M. SHIELDS et al., Appellees.**

**No. 2 CA–CIV 970.**

Court of Appeals of Arizona,
Division 2.

Oct. 7, 1971.

Rehearing Denied Nov. 4, 1971.

Review Denied Nov. 30, 1971.

Mesch, Marquez & Rothschild by Tom R. Clark, Tucson, for appellant.

Robertson & Fickett, P. C., by Peter Johnson, Tucson, for appellees James C. Shields II and Jay M. Shields.

Holesapple, Conner, Jones, McFall & Johnson, by Blair D. Benjamin, Tucson, for appellee Charles E. Conner, Executor.

HATHAWAY, Judge.

Did the lower court err in dismissing a petition contesting a will after probate? This is the question to be resolved on this appeal.

The predicate for the appellees' motions to dismiss was the fact that the contestant did not have citations issued until after expiration of six months from the date the decedent's will was admitted to probate. They contended, and successfully, that this failure to issue citations within the six-month period deprived the probate court of jurisdiction. Their position was that A.R.S. §§ 14–371 and 372 mandated such conclusion. A.R.S. § 14–371 in pertinent part provides:

"A. Any interested person within six months after probate of a will may contest the probate or validity thereof by filing in the court in which the will was proved a petition in writing setting forth

the contestant's allegations against the validity of the will, or against the sufficiency of the proof, and praying that the probate of the will be revoked.

B. If the validity of a will or the probate thereof is not contested within six months after probate, the probate shall be deemed conclusive."

A.R.S. § 14–372 states:

"A. Upon filing the petition, a citation shall be issued to the executor of the will, or the administrator with the will annexed, and to all the heirs, legatees and devisees named in the will so far as known to the petitioner, or to their guardian, if any of them are minors, or to their personal representatives, if any of them are dead, requiring them to appear before the court on the day therein specified to show cause why probate of the will should not be revoked.

B. The citation shall be served in the same manner as summons in civil actions." [1]

The record reflects that the petition for contest of the will was filed within the six-month period prescribed by A.R.S. § 14–371, but that the citation did not issue within such period. The probate court therefore apparently concluded that since the citation did not issue within the six-month period, it was without jurisdiction and therefore dismissed the petition. At least one jurisdiction has held that the failure to issue the citation within the statutory period is a fatal defect to the contest of the will. See In re Fiedler's Estate, 140 Mont. 22, 367 P.2d 560 (1962); In re Estate of Willner, 147 Mont. 538, 416 P.2d 24

(1966); State ex rel. Craig v. District Court, 153 Mont. 427, 458 P.2d 608 (1969).[2]

Our statutes relating to will contests have been adopted from California, and it is therefore appropriate to look to interpretation of the California statutes for guidance. In re Lynch's Estate, 92 Ariz. 354, 377 P.2d 199 (1962). Prior to 1907, the California counterpart of our A.R.S. § 14–372 prescribed no time requirement for issuance of the citation. In 1907, the statute was amended to read:

"Upon filing the petition, and within the time allowed for filing the petition, a citation must be issued * * *." See West's Ann.Prob.Code § 381.

The California courts have uniformly held that jurisdiction of the court to entertain a proceeding for the revocation of a will does not depend upon the issuance and service of a citation within the prescribed period but attaches on the filing of the petition inaugurating the contest. In re Withenbury's Estate, 188 Cal. 109, 204 P. 385 (1922); In re Logan's Estate, 171 Cal. 357, 153 P. 388 (1915); Fisher v. Superior Court in and for Ventura County, 23 Cal. App.2d 528, 73 P.2d 892 (1937).

The Supreme Court of Wyoming, in the case of Merrill v. District Court of Fifth Judicial Dist., 73 Wyo. 58, 272 P.2d 597 (1954) [3] held as follows:

"In view of the fact that our statute does not fix a definite time as the California statute does, * * * we think we should hold, and do hold that while ordinarily the citation mentioned in the

---

1. A.R.S. § 14–1221 requires service of a citation at least five days before the return day thereof when no other time is especially prescribed.

2. Appellees also rely on authority from Ohio to support their position. See Mangan v. Hopkins, 166 Ohio St. 41, 138 N.E.2d 872 (1956); Collins v. Nurre, 20 Ohio App.2d 53, 251 N.E.2d 621 (1969). The Ohio cases, however, are distinguishable in that the Ohio statutes

require that an *action* to contest a will shall be brought within six months after the will has been admitted to probate and an *action* is not deemed commenced until service of process. Peters v. Moore, 154 Ohio St. 177, 93 N.E.2d 683 (1950).

3. Section 6–409, Wyoming Compiled Statutes, 1945, provides in pertinent part: "Upon filing the petition, a citation must be issued * * *."

statute should be issued within six months after a will has been admitted to probate, the court has power and judicial discretion to relieve a party seeking to revoke a will of the default in doing so, provided that no harm is done by the delay, and provided that relief from the default is justifiable and is asked of the court within a reasonable time." 272 P. 2d at 600.

Our sister state of New Mexico, in the case of C. de Baca v. Baca, 73 N.M. 387, 388 P.2d 392 (1964) had occasion to compare its statutes with those of Wyoming and California. The New Mexico statutes provide:

"30–2–13. When a will has been approved, any person interested may at any time within six [6] months after such probate, contest the same or the validity of the will * * *.

30–2–14. Upon filing of the petition of contest a citation shall be issued forthwith to the executor, and to all devisees and legatees named in the will residing in the state, * * * requiring them to appear before the court within thirty [30] days from service of said citation, to show cause why the probate of said will should not be revoked. Service of such citation shall be had in the same manner as service of summons in civil cases; Provided, however, that if service shall not be made within six [6] months from the date of the issuance of said citation said contest shall be deemed to have been abandoned and said contest shall be by the court dismissed."

The court pointed out the jurisdiction of the subject matter was obtained with the timely filing of the petition to revoke probate. The Arizona case of Sanders v. Sanders, 52 Ariz. 156, 79 P.2d 523 (1938) is in accord. In the *Baca* case, citation had never issued and more than six months had elapsed following the filing of the petition to revoke probate and more than one year had elapsed since the will was admitted to probate. The court stated:

"The executor argues that it was then too late to have citation issued. He takes the position that 'forthwith' meant within the six months period that was given to file a petition. Contestant points to the language of § 30–2–14, supra, which says service shall be made within six months from the date of issuance of the citation, and it never having issued, the time has not expired for its issuance and service. While not considering it necessary that we decide if 'forthwith' might mean within six months after probate, it is perfectly apparent that it could not have been intended that unreasonable delays be permitted to intervene. The importance of prompt settling of estates cannot be questioned. It is apparent that the legislature had this in mind when it limited the time for filing contests; when it required that citation issue 'forthwith'; and when it provided for dismissal of the contest if service was not made within six months thereafter. [citation omitted]

It accordingly devolves upon us to interpret the statute so as to accomplish the ends sought by the legislature. Assuming, but not deciding, that the statute did not require issuance of the citations within the six months provided for contest after approval of the will, it would unquestionably be required that the citations be issued reasonably promptly, or without undue delay. Certainly, the failure to have any citation issued for the length of time that elapsed in the instant case, could under no circumstances be asserted to be reasonable so as to permit an additional six months to elapse before dismissal of the contest would be required under the proviso of § 30–2–14, supra." 388 P.2d at 396.

We agree that delay in the administration of estates is not to be tolerated—therefore the citation should not be used as an instrument for creating such delay. However, in view of the fact that our statute does not fix a definite time for the issuance of citations, it is not essential to the

jurisdiction of the court that the citations be issued, within the six-month period required for filing the petition. We believe the better rule, until the legislature prescribes otherwise, is that failure to have the citation issued within such period renders the contest vulnerable to dismissal, in the discretion of the probate court. In other words, dismissal is discretionary rather than mandatory.

In the case *sub judice* the citation did not issue until approximately seven months[4] after the will had been admitted to probate. Whether or not there was justification for the delay was a question which the lower court had no opportunity to rule upon since the motion to dismiss was predicated upon "jurisdictional" grounds. We therefore reverse the order of dismissal and remand the matter for further proceedings not inconsistent herewith.

KRUCKER, C. J., and HOWARD, J., concur.

---

4. The record does reflect, however, that the appellees were personally served in April, 1970 with copies of the petition contesting the will.