[S. F. No. 13105. In Bank.—October 2, 1928.]

In the Matter of the Estate of JOHN T. BROPHY, Deceased. ISABELLE BROPHY et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Jeremiah V. Coffey and Edward I. Coffey for Petitioners.

Harry I. Stafford for Respondents.

RICHARDS, J.—The petitioners herein applied for a writ of review to be directed to the Superior Court in and for the city and county of San Francisco, requiring said court to certify the record and proceedings thereof in the matter of the estate of John T. Brophy, deceased, pending in said court, with a view to having it determined whether or not the action and orders of said court in certain matters and proceedings in the matter of said estate were taken and made within its

jurisdiction. Pursuant to said writ issued herein the original records and proceedings in the matter of said estate have been transmitted to this court for the purpose of such review. The particular facts which require, for such purpose, our consideration as shown by such record are these: John T. Brophy died testate in the city and county of San Francisco on the fifteenth day of August, 1926, being at said time a resident of said city and county. The last will and testament of said decedent was, by an order of the said Superior Court made and entered on October 7, 1926, duly admitted to probate and letters testamentary thereon were issued to Isabelle Brophy and Honora Ellen Ford, as executrices of the last will and testament of said deceased, and they have ever since been and now are duly qualified and acting executrices of said will. On October 15, 1927, a contest of said will was filed by Leonard Brophy and Russell Brophy, who were represented by Harry I. Stafford as attorney for said contestants. Thereupon the said Superior Court made an order directing citation to issue upon such contest, returnable November 10, 1927. Such citation was issued, but no service or return thereof appears to have been made. On October 6, 1927, another will contest was filed by Thomas F. Brophy, Aileen Muldoon, Virginia Brophy, and Edith Brophy Dersch, wherein Harry I. Stafford also appeared as attorney for said contestants, and in such latter contest an order directing citation to issue was made, returnable on November 25, 1927, and such citation was thereupon issued, but so far as the record herein shows no service thereof or return thereon was ever made. On April 12, 1928, the petitioners herein made a special appearance in said court in said proceeding and filed therein notices of motion to dismiss the aforesaid contests, and each of them, upon the ground that the several contestants named therein had failed to serve upon said petitioners, or any of them, said citation, and had failed to obtain *alias* or supplemental or other citation or citations, and had failed to request said Superior Court to be relieved of their respective defaults in that regard, and had not otherwise diligently prosecuted their said contests. The notices of said motions thus filed were served upon Harry I. Stafford as the attorney of record of said contestants. Thereafter and on May 2, 1928, an affidavit in opposition to the aforesaid motions to dismiss said contests was filed in said court. This

affidavit was made and sworn to by one Dean Cunha, who stated therein that he was at all times mentioned therein in the employ of Harry I. Stafford, attorney of record for the contestants, and as such had at all times been in full charge of the filing of said contests and petitions for the revocation of the will of said decedent, and had been in personal charge of the matter of the issuing and service of the citations issued therein and of whatever proceedings had been taken in said court with relation to the issuance and service or lack of service of said citations. The affiant then proceeds to set forth certain facts which he offered as an excuse for the failure to serve said citations and as reasons why said court should deny the applications of the petitioners herein for the dismissal of said contests and should permit the contestants under the provisions of section 473 of the Code of Civil Procedure to have issued new and supplemental citations in furtherance of their said contests. To the aforesaid affidavit of Cunha the respondents and petitioners herein filed and caused to be served upon Harry I. Stafford, as attorney of record of the contestants, a counter-affidavit, wherein it was undertaken to dispute certain of the facts set forth in the affidavit of Cunha, but wherein no statement or objection was made to the filing or consideration of the affidavit of Cunha upon any ground. When the matter came on for hearing before said court it was submitted on briefs to be filed by the respective parties, and thereafter a number of said briefs were filed. In the briefs of respondents it was suggested that Mr. Cunha was a stranger to the record, but apparently the purpose of such suggestion was to urge upon the court that no affidavit of merits had been made either by him or by the contestants, and that for that reason the contestants were not entitled to the relief sought under section 473 of the Code of Civil Procedure. To this suggestion the contestants, through their regular attorney of record, presented a reply brief, wherein it was set forth that said Cunha was at all times acting for and on behalf of said attorney of record of said contestants. To this brief the respondents in due course presented a reply, wherein the objection that Cunha was a stranger to the record was apparently abandoned and the question of the relief to be granted or denied in the premises was fully discussed. Thereafter and on June 25, 1928, the several matters having been submitted for decision, the trial

court made and entered its order denying the respondents' motion to dismiss said contests, finding that the contestants had regularly appeared in said several matters by their attorney of record, Harry I. Stafford, and furthermore finding that the contestants were entitled to be relieved from any default they had suffered in their failure to serve the aforesaid citations, and upon such findings made and entered its order denying the motions of the respondents to dismiss said contests, and directing the clerk of the court to issue new and supplemental citations, returnable before said court on August 15, 1928. Thereafter and on July 23, 1928, a petition for a writ of review was filed herein.

The contention of the petitioners for said writ is that the said Superior Court had no jurisdiction to make the order last above referred to, or to make or enter any other order in the premises than an order dismissing said contests. It is primarily urged in support of said contention that the contestants were not properly before the court at or prior to the making of said order, by reason of the fact that the said Dean Cunha was a stranger to said proceeding and was not the attorney of record of nor entitled to represent the contestants in any proceeding before said court.

We are satisfied from the recital of the foregoing facts that there is no merit in this contention, since in filing his affidavit in opposition to the respondents' motions to dismiss said contests Cunha not only purported to be acting for and on behalf of his employer, the attorney of record for said contestants, but was treated as having so acted both by said court and by the respondents herein in the proceedings before said court which preceded the making of its aforesaid order.

We are thus brought to a consideration of the main question in the case, which is as to whether the Superior Court had jurisdiction to make and enter its order refusing to dismiss said contests and purporting to relieve the contestants from whatever might have been their default in the failure to make service of the two citations which had been regularly issued in support of their contests theretofore regularly filed. It is conceded herein that said contests and each of them were filed within the period of one year from the date of the admission of the last will and testament of John T. Brophy, deceased, to probate, and that in each of said contests a citation was duly applied for and

issued within one year after such probate, in conformity with the requirements of section 1328 of the Code of Civil Procedure. This being so, the court acquired jurisdiction to hear and determine said contests and to make and enter such orders with relation to the service of such citations, or with relation to the issuance and service of such supplemental or *alias* citations as it might deem necessary and expedient to the bringing of the parties before it in order that such contests might be heard upon their merits. This question was fully presented to and considered by this court in *Estate of Logan*, 171 Cal. 357, 363 [153 Pac. 388], and it was therein held not only that the failure of a contestant to make service of a citation within the year, under the aforesaid section of the Code of Civil Procedure, was not fatal to such contest, but that the court having jurisdiction of the proceeding was also possessed of power to relieve a party contestant from any failure or default in the matter of the service of such citation and to cause further and supplemental or *alias* citation to issue as would afford such relief, citing *Estate of Simmons*, 168 Cal. 391 [143 Pac. 697], as authority for this conclusion. The return dates of the citations issued on behalf of the contestants herein were, respectively, November 10 and 25, 1927. ■ The default, if any, of the contestants in making service of said citations could not have antedated the return dates thereof, and it follows that since the application for relief from said defaults, if any, was filed upon May 2, 1928, it was within the six months' period provided in section 473 of the Code of Civil Procedure. Whatever may or may not have been the merits of the contestants' application to be relieved from such defaults, if any, was a matter for the Superior Court within the exercise of the jurisdiction given it by said section of the code to determine, and with such determination or the merits thereof we have in this proceeding no concern for the reason that the sole question before us in this proceeding is the question of jurisdiction.

It is our conclusion, therefore, that the application of the petitioners for the relief sought herein should be and the same is hereby denied.

Preston, J., Shenk, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.