[Civ. No. 2137.  Fourth Appellate District.—November 18, 1937.]

WILLA MEYER FISHER, Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY, Respondent.

Sheridan, Orr & Bates for Petitioner.

Eli F. Bush and John H. Miller for Respondent.

BARNARD, P. J.—This is an application for a writ of prohibition restraining the respondent court from taking any further steps or proceedings in connection with or based upon a certain complaint filed in that court by one Ruth Vance.

The will of J. Valentine Fisher, deceased, was admitted to probate in the respondent court, sitting as a court of probate, on February 8, 1937. That proceeding was numbered 20,109 on the register kept by the clerk. On August 5, 1937, a complaint was filed in the respondent court which was entered as a separate action or proceeding and given the number 20,585. This complaint is entitled: *"Ruth Vance, Plaintiff,* vs. *John Messer, as Executor of the Last Will and Testament of J. Valentine Fisher, deceased, and Willa Meyer Fisher, Defendants"*. It is headed "Complaint Contesting Will after Probate". The complaint starts out "The above named plaintiff complains of the above-named defendants and alleges:" Paragraph I alleges the death of J. Valentine Fisher and that the plaintiff is his only heir at law. Paragraph II alleges the filing of a purported last will with a petition for the probate thereof, a hearing on this petition, the admission of the will to probate on February 8, 1937, the issuance of letters testamentary to the defendant John Messer, and his qualification as such executor. Paragraph III alleges that Willa Meyer Fisher was named in the will as sole legatee and devisee. In paragraph IV it is alleged that said writing is not the last will and testament of J. Valentine Fisher; that he was not of sound mind at the date of its execution; and that the defendant Willa Meyer Fisher induced the said J. Valentine Fisher to execute said pretended will by falsely and fraudulently representing that she would enter into a valid and lasting marriage with him, knowing that he was incompetent to make a valid disposition of his property by will or otherwise and that he was mentally incapable of entering into a lasting marriage contract. The prayer is "That said pretended last will and testament of the said J. Valentine Fisher and the probate thereof be set aside and for such other and further different relief as to the Court may seem meet and proper." A summons was issued on the same day,

naming the same parties as plaintiff and defendants, numbered 20,585, and headed "Action brought in the Superior Court of the State of California, County of Ventura". In the body of the summons appears the usual statement notifying the defendants that they are required to appear "in an action" brought in the Superior Court of Ventura County and to "answer the complaint" within ten days if served within the county or within thirty days if served elsewhere, and that if they fail to appear and answer the plaintiff will take judgment for any money or damages demanded in the complaint or will apply to the court for any other relief therein demanded.

On August 30, 1937, this petitioner appeared specially and moved the court to strike the complaint and dismiss the action filed on August 5th upon the grounds that the court had no jurisdiction to grant the relief prayed for and that the rights of the plaintiff in that action, if any, were limited and governed by the provisions of the Probate Code relating to contests after probate. At the same time a motion was presented by Ruth Vance, the plaintiff in that action, for the issuance of a citation. The court denied the motion to strike the complaint and dismiss that action and then ordered as follows: "That defendants be, and hereby are given thirty days within which to appear, and answer said complaint, or otherwise plead; that the above entitled cause be, and hereby is ordered consolidated with and included in that certain matter on file in this Superior Court, entitled *Matter of the Estate of J. Valentine Fisher, Deceased,* No. 20,109, and that citation issue as prayed." Thereafter, the present proceeding was initiated and an alternative writ was issued by the Supreme Court which has been made returnable here.

The petitioner contends that a petition to probate a will is the beginning of a special proceeding, that a contest after probate is a part of that proceeding and is neither a new and distinct proceeding nor an action as defined by the Code of Civil Procedure, that such a contest has its origin in the original probate proceeding and is authorized only by the statutory provisions governing probate proceedings, that a contestant has such rights and only such rights as are given him by the statutes governing these proceedings, and that, in the instant case, the statutory procedure was not followed but instead thereof an independent action in equity was filed.

On behalf of the respondent it is argued that the insertion of the word "complaint" before the words "contesting will after probate" and the omission of "In the Matter of the Estate of J. Valentine Fisher, Deceased", may have misled the clerk into giving the matter a new number instead of filing it as a part of the probate proceeding, that the words thus inserted and omitted are no part of the pleading, that since it has been held that we have but one form of action in this state the pleading filed was in fact a petition to contest the will after probate, and that it follows that the statute was complied with and the court had jurisdiction to proceed.

Section 380 of the Probate Code provides that any person, with certain exceptions not material here, may at any time within six months after the admission of a will to probate contest the same or the validity of the will. It then provides "For that purpose he must file in the court in which the will was proved a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked." Section 381 provides for the issuance of a citation directed to the executor and all devisees, legatees and heirs directing them to plead to the contest within thirty days. Section 384 provides that if no person contests within the time specified the probate of the will is conclusive, with a saving clause in favor of infants and persons of unsound mind.

▮ In this state probate jurisdiction is vested in the superior court, but this probate jurisdiction is separate and distinct from the jurisdiction of this court in a civil action or in equity, and differs from them in that it is essentially a jurisdiction under the control of the legislature. (*Estate of Davis*, 136 Cal. 590 [69 Pac. 412].) In *Estate of Whiting*, 110 Cal. App. 399 [294 Pac. 502], it is said: "The right to contest a will after probate is purely statutory; no such right existed under the common law. (40 Cyc., p. 1240.) Therefore a contest after probate is limited to the rights given by the statute as to the time, grounds and persons, and the legislature may repeal or amend the statute at any time." ▮ Section 380 of the Probate Code is both a statute conferring jurisdiction and a statute of repose. (*Scott* v. *Superior Court*, 125 Cal. App. 513 [14 Pac. (2d) 99].) The jurisdiction of a superior court, sitting in probate, to entertain a petition contesting a will after its admission to probate de-

pends upon the filing of such a petition within the time allowed, and if filed within that time a citation thereafter issued may be sufficient. (*Los Angeles First Nat. etc. Bank* v. *Superior Court*, 94 Cal. App. 79 [270 Pac. 710]; *Estate of Logan*, 171 Cal. 357 [153 Pac. 388].)

While the point here raised seems never to have been decided in this state the converse of the proposition now presented was discussed in *Estate of Davis*, *supra*, where it was contended that a petition to revoke, filed in a probate proceeding but after the statutory time had elapsed, should be treated as an action in equity to establish a trust under the decree of distribution. In discussing this contention the court said:

"Now, the metamorphose sought to be made by counsel in the character of this pleading is very great. To change the proceeding to revoke the probate of a will, into a bill in equity to establish a trust in property under a decree of distribution, is a very wide departure from the relief originally contemplated. Even under the liberal rules of code pleading allowed in this state it would be an innovation almost startling to hold that such a change could take place. It may be said that at the present time in this state there is no probate court in the sense that the term has been used in the earlier volumes of the California reports. Under the fundamental law there is a probate jurisdiction vested in the superior court. It may be said that the probate court is gone, but that the probate jurisdiction remains. And that jurisdiction is now vested in the same court that exercises jurisdiction in cases of law and equity. Yet the probate jurisdiction of the superior court is different from its law and equity jurisdiction in this,—it is essentially a jurisdiction under the control of the state legislature. That law-making power may enlarge it or may restrict it. The character and extent of the jurisdiction is not only a matter under legislative control alone, but the procedure by which that jurisdiction may be invoked and rights thereunder adjudicated is expressly laid down by statute; and that procedure must be followed, or relief under that jurisdiction cannot be secured. While the superior court in this state exercises both equity and probate jurisdiction, still the procedure to be followed in seeking relief within those two jurisdictions is widely varied. And if the probate procedure laid down by the code is followed, then

only relief under probate jurisdiction can be granted. In such a case general equity relief cannot be secured.''

It seems clear that in attempting to file a contest here no effort was made to follow the procedure outlined in sections 380 and 381 of the Probate Code and it seems equally clear that the original intent was to proceed by a separate action. The pleading filed was not only denominated a complaint but was in the form of the ordinary complaint in an equitable action. It made no mention of the name or number of the pending probate proceeding, it was separately filed under a different number, and both in form and substance it was to all intents and purposes a separate action. Presumably, a separate filing fee was paid and a regular summons was taken out requiring an appearance in ten days instead of the thirty days allowed in the controlling statute. There the matter rested until the statutory time for filing a contest had expired. Thereafter, and after a motion to dismiss had been presented through a special appearance, the plaintiff in that action moved for the issuance of a citation. If the complaint as filed be considered as a petition to revoke the probate of this will, and if the court then had jurisdiction to hear such a contest in the probate proceeding, perhaps a citation could then be issued although the six months' period had elapsed. The controlling question, however, is whether the filing of the complaint in this manner and, in effect, its transfer to the probate proceeding or what may be referred to as the probate department, after the six months' period had expired, would constitute a sufficient compliance with the statute and support the issuance of a citation.

The statute requires not only that the petition must be filed in the court in which the will was proved but that the prayer must be ''that the probate be revoked''. To revoke means to repeal, annul, withdraw and rescind. It carries the idea of cancellation by the same power which originally acted and not the setting aside of an original order by another form of power or jurisdiction. From its wording and from the context the only reasonable interpretation of section 380 of the Probate Code seems to be that it was intended to provide a means by which a contestant might present a request for its revocation to the same jurisdiction which had admitted a will to probate. Not only in form but in substance the complaint with which we are here concerned is not a petition

to a superior court, in the exercise of its probate jurisdiction, to revoke or withdraw something which it has done in that capacity, but is an appeal to another jurisdiction of that court to undo what was done in a probate proceeding. Aside from the question of form, such a petition to revoke must reach or be brought within the probate jurisdiction of the court before it can become effective for any purpose. We think that the provision that a petition must be filed in the same court means that it must be filed in the same jurisdiction of the court which made the order which is objected to, in other words, the petition must in some manner reach the superior court sitting as a court of probate and exercising probate jurisdiction. While this petition was filed in the same superior court it was not brought within the probate jurisdiction of that court within six months of the admission of the will to probate. Assuming, without holding, that the superior court, sitting as a court of equity, could have transferred the matter within the statutory time the transfer actually made here could not have a retroactive effect. If it may be considered that a transfer was here made, through the order of consolidation, the matter first reached and came under the probate jurisdiction of this court at a time more than six months after the order admitting the will to probate had been entered and after that order had become final. The very fact that some form of transfer was necessary when the motions were heard on August 30, 1937, clearly indicates that the matter was then pending in the wrong jurisdiction and rather conclusively shows that the statute had not then been complied with.

Under our codes probate proceedings are entirely separate and distinct from actions either at law or in equity. The fact that we have had one form of action in this state relates to legal and equitable actions but has no bearing on probate proceedings. Although one court has jurisdiction over all these matters an entirely different procedure has been provided by statute for bringing a matter within its probate jurisdiction. A part thereof affords ample opportunity for the initiation of a contest after the probate of a will and no good reason appears for changing or extending that statutory procedure through judicial interpretation. We conclude that the filing of a separate action, even though it be within the six months' period and in the same superior court, is not

in itself a sufficient compliance with the statutory requirements for filing a contest after probate of a will, and that after the statutory time has elapsed the transfer or consolidation of a contest filed in that manner is ineffectual. It follows that the respondent court is without jurisdiction to entertain further proceedings in this matter.

It is further urged, in behalf of respondent, that a permanent writ should not issue in this instance because it does not appear that the petitioner would not have a plain, speedy and adequate remedy through an appeal. The question whether or not a plain, speedy and adequate remedy at law exists depends upon the circumstances of the particular case and to some extent rests in the discretion of the court. Under the views above expressed this contest should not be permitted to drag through a trial and an appeal, and a writ may properly issue. (*Consolidated etc. Co.* v. *Superior Court,* 189 Cal. 92 [207 Pac. 552] ; *Fletcher* v. *Superior Court,* 79 Cal. App. 468 [250 Pac. 195].)

The peremptory writ will issue as prayed for.

Marks, J., and Jennings, J., concurred.