BROWNIE BELLE MERRILL, Executrix of the Estate of LANDIS F. MERRILL, Deceased, and BROWNIE BELLE MERRILL, Sole Legatee and Devisee,

*Plaintiff and Petitioner,*

vs.

DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT STATE OF WYOMING, HONORABLE DONALD J. HARKINS, as Judge of said Court, and BEVERLY CARPENTER,

*Defendants and Respondents.*

(No. 2642; July 13th, 1954; 272 Pac. (2d) 597)

The cause was submitted for the plaintiff and petitioner on the brief of Joseph Cavalli of Thermopolis, Wyoming, and Max D. Melville, Fred M. Winner, Edward E. Pringle, all of Denver, Colorado.

The cause was submitted for the defendants and respondents on the brief of Maurer Garst of Douglas, Wyoming, and Bowman, Erickson and Bowman of Denver, Colorado.

60

## OPINION

BLUME, Chief Justice

This is an original proceeding in this court for a writ of prohibition. The facts are as follows: The last will and testament of Landis F. Merrill was duly admitted to probate in the district court of Hot Springs County on October 27, 1952. Brownie Belle Merrill is the sole legatee and devisee under the will and was also

appointed executrix thereof. On March 13, 1952, and within six months after the will was admitted to probate, Beverly Carpenter, a daughter of the deceased, filed her petition in said court to revoke the will, alleging undue influence in the execution thereof. In the petition for revocation, the petitioner prayed that "citation be issued to the executrix of the alleged will and to Brownie Belle Merrill as the sole legatee and devisee, requiring them to appear before this court on a day certain, to show cause why the probate of this will should not be revoked." No citation, however, was actually issued at that time. So on May 6, 1953, and within about nine days after the expiration of six months from October 27, 1952, the executrix filed a motion in the matter to dismiss the petition for the revocation of the will, alleging that the court did not then have jurisdiction in the matter for the reason that no citation had been issued to the executrix or to her individually within the six months from the time that the will was probated. On May 13, 1953, or 16 days after the expiration of such six months, on application of counsel for contestants, the court directed citation to be issued and served on the executrix and Brownie Belle Merrill individually to appear in said court on June 17, 1953, to answer the petition to revoke the will. The citation was served on the same day on which the citation was ordered. An amended motion to dismiss the contest was filed on May 19, 1953, by the executrix for the same reasons as alleged in the original motion. On June 15, 1953, an affidavit was filed on behalf of Beverly Carpenter, contestant, setting forth various excuses for not having the citation above mentioned issued earlier. Apparently on January 11, 1954, the court refused to dismiss the petition for revocation of the will. Thereupon, and on February 10, 1954, Brownie Belle Merrill as executrix and individually filed in this court her petition for a writ of prohibition directed

to the foregoing court, the judge thereof and to Beverly Carpenter, asking that the hearing on the petition for revocation of the will be prohibited on the ground that the district court is now without jurisdiction to do so. The judge of the district court and Beverly Carpenter have duly entered their appearance in this court.

It is the contention of the petitioners herein that in order that the district court of Hot Springs County may have jurisdiction in a proceeding to revoke a will, it is essential that a citation should be issued within six months after the will was admitted to probate. They rely on the provisions of section 3-517 and 3-1001, Wyoming Compiled Statutes, 1945, that an action is deemed commenced when a summons has been issued. These sections are contained in the Code of Civil Procedure. Counsel also rely on Ohio cases. In that state it is provided that an action to revoke a will is a civil action, so that the provisions of the Code of Civil Procedure would govern. Coughlin v. Passionist Monastery of the Holy Cross, 59 Ohio App 433, 18 N.E. (2d) 496; Clark v. McFarland, 99 Ohio St. 100, 124 N.E. 164. See also 68 C.J. § 668, p. 926; 68 C. J. § 711, p. 958. But in this state, a proceeding to revoke the probate of a will is not a civil action, but a proceeding provided for in our Probate Code. That Code was taken from California, so that we are inclined to follow the decisions in that state on that subject, if not inappropriate to do so. It was stated in Fisher v. Superior Court in and for Ventura County, 23 Cal. App. (2d) 528, 73 P. (2d) 892, 896: "Under our Codes probate proceedings are entirely separate and distinct from actions either at law or in equity. The fact that we have had one form of action in this state relates to legal and equitable actions but has no bearing on probate proceedings. Although one court has jurisdiction over all these matters, an entirely different procedure has been provid-

ed by statute for bringing a matter within its probate jurisdiction. A part thereof affords ample opportunity for the initiation of a contest after the probate of a will, and no good reason appears for changing or extending that statutory procedure through judicial interpretation." See also In re Patterson's Estate, 220 Cal. 370, 31 P. (2d) 197; Horney v. Superior Court, 83 Cal. App. (2d) 262, 188. P. (2d) 552.

Section 6-408, Wyoming Compiled Statutes, 1945, provides as follows:

"After a will has been admitted to probate, any person interested may, at any time within six (6) months after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

Section 6-409, Wyoming Compiled Statues, 1945, provides as follows:

"Upon filing the petition, a citation must be issued to the executors of the will, or to the administrators with the will annexed, and to all the legatees and devisees mentioned in the will, and heirs residing in the state, so far as known to the petitioner; or to their guardians, if any of them are minors; or to their personal representatives, if any of them are dead; requiring them to appear before the court on some day of a regular term, therein specified, to show cause why the probate of the will should not be revoked."

It may be here noted that formerly in this state, as in California, the period for revoking the probate of a will was one year, instead of six months. It may be noted further that § 6-409, supra, is like the earlier California

provision fixing no definite time for the issuance of a citation, but that in 1907, California amended its law providing that the citation should be issued within the same time provided for filing the petition for revocation.

It has been held in California, as in other states, that the right to contest a will is a proceeding in rem, although it partakes somewhat of the nature of a proceeding inter parties. In re Baker's Estate, 170 Cal. 578, 150 P. 989 (A proceeding to revoke a will.) ; 68 C.J. § 668, p. 926. It has accordingly been held in a number of California cases that the court acquires jurisdiction of the subject matter, when the petition for revocation of the probate of the will is filed. In re Simmons' Estate, 168 Cal. 390, 143 P. 697, 698; Fisher v. Superior Court in and for Ventura County, supra; Los Angeles First Nat. T. & S. Bank v. Superior Court, 94 Cal. App. 79, 270 P. 710 ; In re Maescher's Estate, 78 Cal. App. 189, 248 P. 537. In re Logan's Estate, 171 Cal. 357, 153 P. 388, 390, the court stated: "The jurisdiction of the court to entertain a proceeding for the revocation of the will does not depend upon the issuance and service of a citation within a year after the probate of the will. Jurisdiction of the court attaches on the filing of the petition inaugurating the contest. The office of the citation is only that of a summons—to give the court jurisdiction of the parties who would be affected by its revocation. It is not essential to the jurisdiction of the court that the citation be issued and served within a year. The only penalty for failure to have it issued within that time is that the court may dismiss the contest. And even where there has been a failure to have it issued within the year the court may nevertheless relieve a contestant for his failure to do so and thereupon order a citation issued and served. Estate of Simmons, 168 Cal. 390, 143 P. 697."

It is true, of course, that when the court obtained jurisdiction of the subject matter, it did not thereby obtain jurisdiction of the parties until issuance and service of the citation. Los Angeles First Nat. T. & S. Bank v. Superior Court, supra. The citation may be issued on application of the party without an order of court. § 6-2704, W.C.S., 1945. If it is not done within the time contemplated by the statutes, the court has inherent power to dismiss the proceeding for want of prosecution. 27 C.J.S. 232. See In re Hite's Estate, 155 Cal. 390, 101 P. 8; In re Ricks' Estate, 160 Cal. 467, 117 P. 539, 540. It is stated in 27 C.J.S. § 62, p. 220, as follows: "Defendant is entitled to a dismissal unless a summons is issued or process is served within the time prescribed by statute, or within a reasonable time, unless delay in the issue, service, and return of process is justified." Section 6-409, supra, as already stated, does not fix a definite time in which the citation must be issued and served, has not made the issuance of a citation within six months after probate of the will jurisdictional, and hence the rule of reasonable time would ordinarily be applicable. However, a number of California cases have announced that it is the policy of the statute that estates be settled as soon as possible so that it may be definitely known as to who is the owner of the property of the estate. In re Simmons' Estate, supra; Horney v. Superior Court, supra; In re Morrison's Estate, 125 Cal. App. 504, 14 P. (2d) 102. In Bacigalupo v. Superior Court, 108 Cal. 92, 40 P. 1055, decided in 1895, when the California statute was the same as section 6-409, supra, the court stated: "This section clearly contemplates that such citation should in no degree be used as an instrument for the purpose of delaying the administration of estates, but, rather, that it should issue forthwith upon the filing of the petition for revocation." But even the term "Forthwith" is not always entirely inelastic. See the

term in Words and Phrases. Thus it is said in Lewis v. Curry, 156 Cal. 93, 103 P. 493, 496, that there is no precise definition of the term, and that the meaning depends on the circumstances. In Samuelson v. Tribune Pub. Co., 41 Wyo. 487, 287 P. 83, we held — speaking of the filing of the record on appeal in this court — that the term "Thereupon" means "Forthwith", and evidently considering that the term was somewhat elastic, we adopted Rule 35 that the record on appeal should be filed in this court within sixty days, and on failure to do so the appeal would be subject to dismissal. See Sayre v. Roberts, 53, Wyo. 491, 84 P. (2d) 718. Even in California, where the statute now provides that the citation must be issued within the time that a petition for revocation may be filed, the courts have held that if there is justification for delay, the courts may excuse it. In re Simmons' Estate, supra; In re Withenbury's Estate, 188 Cal. 109, 204, P. 385; Los Angeles First Nat. T. & S. Bank v. Superior Court, supra. True the courts did so under a statute which we do not have.

However, in 6 Encyclopedia of Pleading and Practice 149, it is stated: "The authority to relieve a party in default is inherent in all courts of record exercising a general jurisdiction, and does not depend on the statute unless expressly regulated thereby." In 14 Am. Jur. § 171, p. 370, it is stated: "It is fundamental that every court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction. Such power has been exercised over the court's process to prevent abuses; to relieve a party in default; * * * ." See cases cited in these authorities. The court sitting in probate, while not a court of general jurisdiction, has plenary jurisdiction in probate matters and we see no good reason why the power here mentioned should be

denied it. See State v. Duncan, 37 Neb. 641, 56, N.W. 214; Scott v. Stewart, 5 Vt. 57.

In view of the fact that our statute does not fix a definite time as the California statute does, and construing the rules above mentioned in pari materia, we think we should hold, and do hold that while ordinarily the citation mentioned in the statute should be issued within six months after a will has been admitted to probate, the court has power and judicial discretion to relieve a party seeking to revoke a will of the default in doing so, provided that no harm is done by the delay, and provided that relief from the default is justifiable and is asked of the court within a reasonable time. While the question of abuse of discretion is not, perhaps before us at this time, we might mention the fact that the delay in this case did not exceed sixteen days, so that the discretion does not on the facts before us appear to have been abused.

The writ of prohibition asked herein is, accordingly, denied.

*Denied*

RINER, J., AND HARNSBERGER, J., concur.