379 P.2d 825 (1963)
Mame Avery GAUNT, Maurice P. Avery, Bruce W. Avery, Wilder L. Avery, and J. Glenn Sidlow, Appellants (Contestant-Plaintiffs below),
v.
The KANSAS UNIVERSITY ENDOWMENT ASSOCIATION OF LAWRENCE, KANSAS, A Non-profit Educational Corporation et al., Appellees (Defendants below).
No. 3121
Supreme Court of Wyoming.
March 25, 1963.
*826 J. Byron McHale, Greybull, for appellant.
Ernest J. Goppert, of Goppert & Fitzstephens, Cody, for appellees.
Before PARKER, C.J., and HARNSBERGER, GRAY and McINTYRE, JJ.
Mr. Justice McINTYRE delivered the opinion of the court.
Can a will admitted to probate in Wyoming be attacked in an action brought in a district court when the action is not made a part of the probate proceedings in which the will is being probated? Such is the question presented for our consideration in this case.
The will involved was admitted to probate in Big Horn County on May 5, 1961. On November 4, 1961, barely within six months, parties seeking to set aside the will filed a petition in the District Court of Big Horn County alleging the maker of the will was not of sound mind and memory at the time such will was made and praying that it be revoked.
Beneficiaries under the will, mostly charitable institutions, were named as defendants. A citation was issued requiring these defendants to show cause why the will should not be revoked. Service, however, was made by publication upon those defendants who were nonresidents of the state. The parties designated as contestant-plaintiffs claim to be cousins of the testator.
The petition was dismissed January 18, 1962, by the district court, upon the motion of defendants. The reason for dismissal was that the action had not been filed in the probate court of Big Horn County, and the contest of a will was considered strictly a probate matter. The dismissal is vital to contestants, because their right to commence a contest in the probate proceedings expired one day after the filing of their petition and prior to the court's ruling.
Section 2-83, W.S. 1957, which is a part of the Wyoming probate code, provides:
"After a will has been admitted to probate, any person interested may, at any time within six months after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."
Proceedings for disproving or contesting a will were unknown to the common law. The right of contest is a creature of statute and a contestant has such rights and only such rights as the law gives him. 1 Bancroft, Probate Practice, § 162, p. 392 (2d Ed.). See also In re Martinez' Will, 47 N.M. 6, 132 P.2d 422, 423; In re Walters' Estate, 89 Cal. App.2d 797, 202 P.2d 89, 90; and In re Kane's Estate, 20 Wash.2d 76, 145 P.2d 893, 896.
The portion of our probate code having to do with contests was taken from California, and this jurisdiction has been inclined to follow decisions in that state on this subject. See Merrill v. District Court of Fifth Judicial Dist., 73 Wyo. 58, 272 P.2d 597, 593.
In the Merrill case the court quoted with approval from Fisher v. Superior Court in and for Ventura County, 23 Cal. App.2d 528, 73 P.2d 892, 896, to the effect that under our codes probate proceedings are entirely separate and distinct from actions either at law or in equity. The California court, in the Fisher case, concluded the filing of a separate action, even though it be within the six-month period and in the same court, is not in itself a sufficient compliance with the statutory requirements for filing a contest after probate of a will.
It is apparent in the instant case that the contestant-plaintiffs followed the exact letter of probate statutes to the extent that they filed an instrument designated "petition" instead of "complaint," which ordinarily *827 is used in connection with the commencement of a civil action. Moreover, they caused a citation to be issued instead of the usual summons. This was in keeping with § 2-84, W.S. 1957, a part of the probate code. Additionally, the petition contained allegations against the validity of the will and prayed that the probate be revoked, as required in § 2-83.
Thus, the only consideration left for our determination is whether the petition was filed "in the court in which the will was proved," within the meaning of § 2-83. The question involved is not by any means a matter of first impression with us.
In State ex rel. State Board of Charities & Reform v. Bower, Wyo., 362 P.2d 814, 820, rehearing denied 363 P.2d 791, we had occasion to refer to the civil arm and the probate arm of the district court, saying: "These two courts are not the same, as they function in different capacities and each possesses different powers within its separate jurisdiction."
Rulings to the same effect have been made by this court in these cases: Slover v. Harris, 77 Wyo. 295, 314 P.2d 953, 957; Hartt v. Brimmer, 74 Wyo. 356, 287 P.2d 645, 649; Merrill v. District Court of Fifth Judicial Dist., supra, at 272 P.2d 598; Denver Joint Stock Land Bank of Denver v. Preston, 52 Wyo. 132, 70 P.2d 584, 587; and Church v. Quiner, 31 Wyo. 222, 224 P. 1073, 1074.
Looking specifically at some of the expressions contained in these cases, we point out that in the Slover case a decree admitting a will to probate was said not to be subject to collateral attack, but to stand as final if not revoked by a "direct" proceeding or reversed on appeal. In the Hartt opinion it was reaffirmed that a court of equity cannot set aside an order admitting a will to probate since the probate of a will is a matter exclusively within the jurisdiction of the probate court.
Chief Justice Blume, writing for the court in the Merrill case, said a proceeding to revoke the probate of a will is not a civil action, but a proceeding provided for in our probate code. As author of the Denver Joint Stock Land Bank opinion, he further emphasized, while the judge of the district court is also judge of the probate court, nevertheless there is a distinction between these courts.
Appellants admit they filed a "separate" action but say it is a "special" proceeding which reaches the district court sitting as a court of probate and exercising probate jurisdiction. They argue § 2-83 does not definitely specify that such a proceeding will divest the district court of jurisdiction. On the other hand, they cite us to no authority which would indicate the district court is invested with jurisdiction, outside of its probate jurisdiction, to entertain a will contest in either a separate action or special proceeding.
We realize several instances may be found in our constitution and statutes where the district court is referred to in an inclusive sense. For example, Art. 3, § 1, Wyoming Constitution, vests the judicial power of the state in certain courts including a supreme court and district courts; Art. 5, § 10, Wyoming Constitution, specifies: "The district court" shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for; and Art. 21, § 17, Wyoming Constitution, provides for the records and papers and proceedings of the probate court in each county to pass into the jurisdiction and possession of "the district court" of the same county, when the constitution goes into effect. Similarly, § 2-3, W.S. 1957, vests "the district courts" of the state with exclusive original jurisdiction of all matters relating to the probate and contest of wills and testaments and the administration of decedents' estates.
Sections 19-21 of Art. 5, Wyoming Constitution, provide for dividing the state *828 into judicial districts, and § 5-41, W.S. 1957, makes a division of the state into seven judicial districts. This statute specifies which counties shall compose each of the seven districts, and for each district it fixes regular terms of "the said district court in the said counties."
As used in the constitutional and statutory provisions to which we have just referred, it is apparent the term "district court" is used in a broad or inclusive sense as if there were one district court in a given judicial district for several counties, and as if there were one district court in a given county for the several jurisdictions such as civil, criminal and probate.
We believe, however, that the reference in § 2-83 to "the court in which the will was proved" was not intended by the legislature to have this broad and inclusive meaning. Otherwise, the parties seeking to contest could have filed their petition in another county of the same judicial district and argued there is but one district court for the entire district.
Each county has its own district court courtroom, its own clerk of the district court and its own set of district court records, with separate books and records for each of the different branches such as civil, criminal and probate. Within the meaning of § 2-83, we would have no hesitancy in saying the term "the court in which the will was proved" meant the court of the county in which the will was proved. It is equally logical to say this term, within the meaning of § 2-83, means the court of the jurisdiction within which the will was proved. In the instant case that would be the probate arm of the District Court of Big Horn County.
To say the least, the cases we have cited above afford an overwhelming precedent for our interpretation of the will-contest statute here involved, and appellants have failed to call our attention to any authority to the contrary. The order of dismissal must therefore be affirmed.
Affirmed.