388 P.2d 392

Fidelia Tafoya C. de BACA, Contestant-Appellant,

v.

Eufracio BACA, Executor of the Last Will and Testament of Eloisa T. Gallegos, Deceased, Contestee-Appellee.

No. 7321.

Supreme Court of New Mexico.

Jan. 13, 1964.

Joe L. Martinez, Edward J. Apodaca, William G. Fitzpatrick, Albuquerque, for appellant.

Robertson & Robertson, Raton, for appellee.

MOISE, Justice.

On January 19, 1961, the district court of Harding County, sitting as a probate court, entered an order admitting the will of Eloisa T. Gallegos, deceased, to probate, and naming the petitioner for probate, Eufracio Baca, as executor. The executor qualified on the same day. By the terms of the will so admitted to probate, Gertrude Tafoya, a sister of decedent, was sole beneficiary.

On July 17, 1961, a petition to set aside the probate of the will was filed by Fidelia Tafoya C. de Baca, also a sister of decedent, hereinafter referred to as "contestant."

On August 1, 1961, contestant filed an affidavit of disqualification of the resident district judge pursuant to § 21-5-8, N.M. S.A.1953. In an "Order Striking Affidavit" entered September 25, 1961, it is recited that the affidavit of disqualification be stricken pursuant to stipulation between counsel for petitioner for probate and counsel for contestant.

On October 5, 1961, the executor, purporting to appear specially, moved to dismiss contestant's petition because of the time that had passed since the will was admitted to probate without issuance of citation or service thereof on the executor or on Gertrude Tafoya, the sole devisee and legatee named in the will, as required by § 30-2-14, N.M.S.A.1953. It was claimed that Gertrude Tafoya was an indispensable party, and that the court was without jurisdiction to proceed in the cause without her and the executor being present. On January 23, 1962, again purporting to appear specially, the executor filed a supplemental motion to dismiss, pointing out that more than twelve months had passed since the will was admitted to probate; that more than six months had passed since the "Petition to Set Aside Probate" had been filed; that no citation as required by § 30-2-14, N.M.S.A.1953, had been issued or served; that Gertrude Tafoya had died; that accordingly, the court was without jurisdiction of the subject matter; that the contest must be deemed abandoned; that the court had no jurisdiction over the person of the executor or over the deceased beneficiary claimed to be an indispensable party, and accordingly had no jurisdiction to proceed.

On February 2, 1962, the resident Judge recused himself, but on February 13, 1962, vacated the order of recusal "upon application by the executor, and with the consent of counsel for the contestant, Fidelia Tafoya C. de Baca." He thereupon recused himself insofar as any matters arising in the contest were concerned but specifically retained jurisdiction over the general administration of the estate. On

February 20, 1962, Honorable E. T. Hensley, Jr., Judge of the Ninth Judicial District, was designated to hear and determine all matters relating to the contest.

After contestant and executor had filed their requested findings and conclusions, on July 23, 1962, the court made its findings of fact and conclusions of law in the case and the cause was dismissed. The dismissal was based on the failure to issue or have issued citation or other process to the executors, devisees and legatees of the will, as required by § 30–2–14, N.M.S.A. 1953, and the court's conclusion that it therefore lacked jurisdiction over the subject matter, over the person of the executor, or over the person of Gertrude Tafoya, or her personal representative. This appeal followed.

As her first point, contestant asserts that the court was in error in its findings and conclusions that the failure to sue out and serve citation upon the executor and the sole beneficiary named in the will, or her personal representative, divested the court of jurisdiction over the contest proceedings, over the executor and over the sole beneficiary or her personal representative.

The controlling statutes are:

"30–2–13. When a will has been approved, any person interested may at any time within six [6] months after such probate, contest the same or the validity of the will. For that purpose he shall file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

"30–2–14. Upon filing of the petition of contest a citation shall be issued forthwith to the executor, and to all devisees and legatees named in the will residing in the state, or to their guardians if any of them are minors, or their personal representatives if any of them are dead, requiring them to appear before the court within thirty [30] days from service of said citation, to show cause why the probate of said will should not be revoked. Service of such citation shall be had in the same manner as service of summons in civil cases; Provided, however, that if service shall not be made within six [6] months from the date of the issuance of said citation said contest shall be deemed to have been abandoned and said contest shall be by the court dismissed."

"30–2–21. If no person shall, within six [6] months after the probate, contest the same, or the validity of the will, or if on such contest the will is sustained, the probate of the will shall have the same effect as a final decree in chancery."

§ 30–2–14, supra, also was adopted as a rule of civil procedure. § 21–1–1(4) (s), N.M.S.A.1953.

 We embark upon our consideration of the problems here presented by noting that there was no right to contest a will at common law and that the right to do so exists by virtue of the statutes quoted above which being in derogation of common law must be strictly construed. In re Martinez' Will, 47 N.M. 6, 132 P. 2d 422; Stitt v. Cox, 52 N.M. 24, 190 P. 2d 434.

Contestant's argument under her point 1 is to the effect that the court having obtained jurisdiction of the contest through the timely filing of her petition to set aside probate, her failure to have citation issued or served as provided in § 30–2–14,. N.M.S.A.1953, did not divest the court of jurisdiction nor otherwise bar it from proceeding with the cause.

She asserts that the proceeding is in rem and that the presence of parties is not required, or at least is not jurisdictional. In support of this position she cites In re Towndrow's Will, 47 N.M. 173, 138 P.2d 1001. An examination of that case discloses that the opinion states that proceedings for probate of a will are in rem, comparable to proceedings to prove testaments in the "common form" under the practice of English Ecclesiastical Courts, which proceeded ex parte and without notice to interested persons. The court at the same time noted that will contests in England were handled in "solemn form," where the surviving spouse or next of kin of the deceased to whom the property would descend if intestacy resulted were required to be present. Also, In re Roeder's Estate, 44 N.M. 429, 103 P.2d 631, was cited. That case held that a proceeding to prove a will is in rem, and then noting § 30–2–13, supra, stated that a proceeeding to prove a will was "less formal than the proceeding authorized for contest of a will after probate." Whether or not the proceeding to contest is likewise in rem, it is not necessary for us to decide. The cases relied on do not support the contestant's position.

 That the lower court obtained jurisdiction of the subject matter with the timely filing of the petition to revoke probate, we think is obvious from a reading of the plain language of § 30–2–13, supra. California, with a provision to contest similar to ours, has held jurisdiction of the court attaches when the petition inaugurating the contest is filed. In re Logan's Estate, 171 Cal. 357, 153 P. 388, 390. To like effect is Merrill v. District Court of Fifth Judicial Dist., 73 Wyo. 58, 272 P.2d 597, 599, under a comparable statute. The fact that the trial court was in error in its conclusion that it did not have jurisdiction of the subject matter, however, is not determinative of this appeal. Merrill v. Dis-

trict Court of Fifth Judicial Dist., supra, points out that no jurisdiction is obtained of parties to a will contest unless citation is issued and served on them. Los Angeles First Nat. Trust & Sav. Bank v. Superior Court, 94 Cal.App. 79, 270 P. 710; In re Logan's Estate, supra; and In re Simmons' Estate, 168 Cal. 390, 143 P. 697, are cited as authority. These decisions all support a conclusion that excusable failure to promptly issue citation may be remedied when the court in its discretion determines the action should not be dismissed for such cause. We quote from In re Logan's Estate, supra:

" * * * The jurisdiction of the court to entertain a proceeding for the revocation of the will does not depend upon the issuance and service of a citation within a year after the probate of the will. Jurisdiction of the court attaches on the filing of the petition inaugurating the contest. The office of the citation is only that of a summons—to give the court jurisdiction of the parties who would be affected by its revocation. It is not essential to the jurisdiction of the court that the citation be issued and served within a year. The only penalty for failure to have it issued within that time is that the court may dismiss the contest. And even where there has been a failure to have it issued within the year the court may

nevertheless relieve a contestant for his failure to do so and thereupon order a citation issued and served. Estate of Simmons, 168 Cal. 390, 143 Pac. 697. * * * "

However, it does not appear that the statute either in Wyoming or in California provided that the citation issue "forthwith," but rather that it "must" be issued "upon filing the petition." Neither does it appear that the statute in either California or Wyoming contained the proviso that the "contest shall be deemed to have been abandoned" if citation is not served "within six [6] months from the date of the issuance" of the citation. We quote from Merrill v. District Court of Fifth Judicial District, supra:

" * * * Section 6–409, supra, as already stated, does not fix a definite time in which the citation must be issued and served, has not made the issuance of a citation within six months after probate of the will jurisdictional, and hence the rule of reasonable time would ordinarily be applicable. However, a number of California cases have announced that it is the policy of the statute that estates be settled as soon as possible so that it may be definitely known as to who is the owner of the property of the estate. In re Simmons' Estate, supra; Horney v. Superior Court, supra [83 Cal.App.2d 262, 188 P.2d 552]; In re Morrison's

Estate, 125 Cal.App. 504, 14 P.2d 102. In Bacigalupo v. Superior Court, 108 Cal. 92, 40 P. 1055, decided in 1895, when the California statute was the same as section 6–409, supra, the court stated: 'This section clearly contemplates that such citation should in no degree be used as an instrument for the purpose of delaying the administration of estates, but, rather, that it should issue forthwith upon the filing of the petition for revocation.' But even the term 'Forthwith' is not always entirely inelastic. See the term in 17 Words and Phrases, p. 414. Thus it is said in Lewis v. Curry, 156 Cal. 93, 103 P. 493, 496, that there is no precise definition of the term, and that the meaning depends on the circumstances. In Samuelson v. Tribune Pub. Co., 41 Wyo. 487, 287 P. 83, we held—speaking of the filing of the record on appeal in this court—that the term 'Thereupon' means 'Forthwith', and evidently considering that the term was somewhat elastic, we adopted Rule 35 that the record on appeal should be filed in this court within sixty days, and on failure to do so the appeal would be subject to dismissal. * * *"

For a definition by this court of the term "forthwith" see State v. Montgomery, 28 N.M. 344, 212 P. 341.

In the instant case, at the time the motion to dismiss was sustained, citation had never issued, more than six months had passed following the filing of the petition to revoke probate, and more than one year had passed since the will was admitted to probate. The executor argues that it was then too late to have citation issued. He takes the position that "forthwith" meant within the six months period that was given to file a petition. Contestant points to the language of § 30–2–14, supra, which says service shall be made within six months from the date of issuance of the citation, and it never having issued, the time has not expired for its issuance and service. While not considering it necessary that we decide if "forthwith" might mean within six months after probate, it is perfectly apparent that it could not have been intended that unreasonable delays be permitted to intervene. The importance of prompt settling of estates cannot be questioned. It is apparent that the legislature had this in mind when it limited the time for filing contests; when it required that citation issue "forthwith"; and when it provided for dismissal of the contest if service was not made within six months thereafter. Merrill v. District Court of Fifth Judicial District, supra.

██ It accordingly devolves upon us to interpret the statute so as to accomplish the ends sought by the legislature. Assuming, but not deciding, that the statute did not require issuance of the citations within the six months provided for

contest after approval of the will, it would unquestionably be required that the citations be issued reasonably promptly, or without undue delay. Certainly, the failure to have any citation issued for the length of time that elapsed in the instant case, could under no circumstances be asserted to be reasonable so as to permit an additional six months to elapse before dismissal of the contest would be required under the proviso of § 30–2–14, supra.

Contestant argues, however, that even if all this is true, issuance of citation was waived by the executor through his general appearance in stipulating that the affidavit of disqualification filed by contestant be stricken, and again in applying for the court to vacate its voluntary disqualification as to the probate proceedings. Reliance is placed upon our decision in Hammond v. Eighth Judicial District Court, 30 N.M. 130, 228 P. 758, 39 A.L.R. 1490. While entertaining considerable doubt that the action of the executor constituted a general appearance in this contest proceeding or that the doctrine of Hammond is applicable, we find it unnecessary to decide this point.

■ Instead, we prefer to base our decision on the fact that Gertrude Tafoya, the sole beneficiary, was never served, nor did she ever enter her appearance, and that being a necessary and indispensable party, the action could not proceed without her. The statute provides that the citation issue not only to the executor, but also to "all devisees and legatees named in the will residing in the state * * * or their personal representative if any of them are dead. * * *" Neither Gertrude Tafoya, during her lifetime, nor her personal representative, after her death, were ever cited. As sole beneficiary of the will Gertrude Tafoya was the real party in interest in the contest and as such was indispensable. Compare Sullivan v. Albuquerque Nat. Trust & Savings Bank of Albuquerque, 51 N.M. 456, 188 P.2d 169.

■ The rule that actions may not proceed in the absence of indispensable parties is of long standing in this jurisdiction. In Miller v. Klasner, 19 N.M. 21, 25, 140 P. 1107, 1108, we said:

"* * * It is a familiar and fundamental rule that a court can make no decree affecting the rights of a person over whom it has not obtained jurisdiction, or between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights. Shields et al. v. Barrow, 17 How. 130 * * *. The interest of Ellen Casey was necessarily so interwoven with the interests of the

parties to this suit that no decree could possibly be made, affecting the rights of those before the court, without operating upon her interest. Such being the case, she was an indispensable party, without whom the court could not lawfully proceed. C.S.M. Co. v. V. & G.H.W. Co., 1 Sawyer, 685 * * *."

In American Trust & Savings Bank of Albuquerque v. Scobee, 29 N.M. 436, 453, 224 P. 788, 790, we stated:

"There is a general rule that all persons, whose interests will necessarily be affected by any decree is [in] a given case, are necessary and indispensable parties, and the court will not proceed to a decree without them. Where such necessary parties cannot for any reason be brought before the court, there is nothing to be done except to dismiss the bill, for the suit is inherently defective. * * *"

Other decisions to like effect are State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54; Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045; Keirsey v. Hirsch, 58 N.M. 18, 265 P.2d 346, 43 A. L.R.2d 929; Hugh K. Gale Post No. 2182 v. Norris, 53 N.M. 58, 201 P.2d 777; Page v. Town of Gallup, 26 N.M. 239, 191 P. 460.

■ There can be no doubt that Gertrude Tafoya, or her personal representative, was a necessary and indispensable party, and not having been made a party the trial court did not err in sustaining the motion seeking dismissal of the cause. Its action is affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.