2012 WY 20

**Davis RUSSELL and Dana Russell, Appellants (Petitioners),**

and

**John H. Kellersman, Jr., Appellant (Proposed Intervenor),**

v.

**Lloyd SULLIVAN, Appellee (Respondent).**

No. S–11–0128.

Supreme Court of Wyoming.

Feb. 14, 2012.

---

Representing Appellants: M. Jalie Meinecke of Meinecke & Sitz, LLC, Cody, Wyoming.

Representing Appellee: S. Joseph Darrah of Darrah, Darrah & Brown, Powell, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] John Kellersman Sr., (decedent) died on April 16, 2005 and was survived by a son and a daughter. His home was his only remaining asset. Lloyd Sullivan, a developer who claimed to have purchased the property from the decedent's daughter, filed a petition for probate without administration of an alleged will of Mr. Kellersman. The Russells, neighbors who lived across the street from the property, filed a petition to revoke the probate of the will alleging, among others things, that the will was invalid and that the probate court improperly admitted the will to probate without sufficient proof of its validity. The decedent's son filed a motion to intervene and join as a petitioner seeking to revoke the probate. The probate court concluded that it did not have jurisdiction to hear the neighbors' "Petition to Revoke" because they did not have standing and granted the developer's motion to dismiss the petition to revoke the will. The court found that because the son had filed a motion to intervene rather than his own petition challenging the will, the court's jurisdiction was not properly invoked. We reverse and remand the case for further proceedings consistent with this opinion.

## FACTS

[¶ 2] On August 23, 2010, a petition for probate of the decedent's alleged will was filed by the developer claiming he was entitled to the property by virtue of a written contract with the decedent's daughter executed on August 18, 2010. The day after the petition for probate was filed, the probate court ordered the will admitted to probate without administration. The developer published notice of the probate for three weeks with the first publication on August 31, 2010. The period for challenge ended November 30, 2010.

[¶ 3] The will was a one-page typewritten document dated April 18, 2003, signed by the decedent and notarized by a notary public. In its entirety the will provides:

> I John Kellersman give to Joanne Evans my home located at 405 N Bent, Powell, Wyoming along with my belongings and my accounts located at Community First Bank upon my death.

[¶ 4] The will contained only the signature of the decedent and the notary. Also attached to the petition was the "Testimony of Subscribing Witness on Probate of Will" signed by the notary, which provides:

> I reside in the County of Park, State of Wyoming; I met with the testator on the 18th day of April, 2003, the date of the instrument, the original or exact reproduction of which is attached hereto as Exhibit "A", now shown to me, and purporting to be the last will and testament of said John H. Kellerman [sic]; I am a subscribing witnesses [sic] to said instrument; and on the said date of said instrument, said instrument was exhibited to me by the testator as his last will, and was signed by the testator at Powell, in the County of Park, State of Wyoming, on the date shown in said instrument, in the presence of myself and I then and there, at the request of the

testator, in the presence of said testator and in the presence of each other, acted thereto as witness to the signing of the will by John H. Kellersman.

[¶ 5] The developer claimed to have purchased the property from decedent's daughter, pursuant to an "Agreement to Convey Interest in Real Property" signed by her on August 18, 2010. Paragraph 4 of the agreement provides:

4. Evans irrevocably assigns, transfers and coveys [sic] all of her right[,] title and interest, including her interest as an heir under the will of John Kellersman and further as an heir of her parents in and to the following real estate to and in favor of Lloyd Sullivan: Lot 9, Block 26, Original Town (Now City) of Powell, Wyoming according to the plat recorded in Book "C" of plats, Page 28, Records of Park County, State of Wyoming.

[¶ 6] The final paragraph of the agreement, in pertinent part, provides:

*I, Joanne Evans, specifically authorize the Probate Court to order that the subject matter real property be conveyed to Lloyd Sullivan at the conclusion of any probate proceeding which arises out of this agreement. I also specifically waive, disclaim and relinquish all right to notice of any proceeding in probate related to the subject real property and any such proceedings may proceed without my presence.*

(Emphasis in original.)

[¶ 7] On October 19, 2010, the neighbors filed a "Petition to Invalidate Decedent's Will, Revoke Probate and Invalidate Affidavit of Survivorship" alleging that the decedent's daughter entered into an oral agreement with them on August 5, 2010, promising to sell them the property, and that the will was invalid because it was not properly signed by two subscribing witnesses.

[¶ 8] On November 19, 2010, the developer answered the neighbors' petition to revoke the probate and filed a motion to dismiss it. In the motion, the developer admitted that "the Wyoming Supreme Court has made it clear that this case cannot proceed without [daughter] or her brother," citing Rule 19 of the Wyoming Rules of Civil Procedure and stated,

Both Joanne and her brother may be necessary and indispensable parties as they are heirs. This case cannot be resolved without them. They certainly have rights which need to be protected as it pertains to their interest in the real property. Furthermore, the alleged negotiations were with Joanne Evans individually for selling the subject property. The negotiations were not made with the personal representative. The case needs to be dismissed for that reason.

The statements in the motion seem to admit that if the decedent's son and daughter were not made parties to this matter, the probate would have to be dismissed.

[¶ 9] On November 23, 2010, the son filed a motion to intervene and join under W.R.C.P. 24(a) and W.R.C.P. 19(a) as a petitioner on the neighbors' petition to dismiss the probate. He adopted and incorporated by reference the claims and allegations in the neighbors' petition, including the assertion that the will was invalid under Wyo. Stat. Ann. § 2–6–112 (LexisNexis 2011) and should not have been admitted to probate because it had not been witnessed by the requisite two witnesses. In addition, his motion to intervene and join as petitioner alleges as follows:

The movant further alleges the decedent's April 18, 2003 Will should not have been admitted to probate because Mary Jane Sees' August 18, 2010 Testimony of Subscribing Witness on Probate of Will does not comply with the statutory requirements in that the Testimony is not substantially in the form required by the statute.

The son also stated that, if the will was declared invalid, he would potentially inherit one-half of his father's estate under the intestacy laws.

[¶ 10] On December 2, 2010, the neighbors filed a "Motion for Substitution of Petitioners" under W.R.C.P. 25(c), together with affidavits in support of the motion asking to have the son substituted as a petitioner to have the probate revoked.

## The District Court Decision

[¶ 11] The district court granted the developer's motion to dismiss the neighbors' petition to revoke because they conceded they were not "interested parties" and, therefore, lacked standing. The court found that the son did have standing to contest the will, but since the neighbors did not, the court lacked subject matter jurisdiction of the petition to revoke the will. The court further found that the son should have filed a will contest of his own under Wyo. Stat. Ann. § 2–6–301 (LexisNexis 2011). The decedent's son and the neighbors both appealed from that decision.

## ISSUES

[¶ 12] Appellants state the issues as follows:

The order does not comport with the standard of applicable law, specifically, W.R.C.P Rule 17(a) states that a ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest, therefore, the Court improperly applied the facts of this case to the law as set forth in *Merrill v. District Court [of Fifth Judicial District,* 73 Wyo. 58], 272 P.2d 597, 599 (Wyo.1954).

The order does not comport with the standard of applicable law, specifically, the Court erred when holding that had the Appellant Mr. Kellersman, Jr. filed a petition to revoke the will it would have been untimely.

## STANDARD OF REVIEW

[¶ 13] Determining whether the son properly contested the will and was entitled to intervene raises issues of statutory and court rule construction, which we review *de novo. J & T Properties, LLC v. Gallagher,* 2011 WY 112, ¶ 8, 256 P.3d 522, 524 (Wyo. 2011).

## DISCUSSION

[¶ 14] "[U]nder our codes probate proceedings are entirely separate and distinct from actions either at law or in equity." *Gaunt v. Kansas Univ. Endowment Ass'n,*

379 P.2d 825, 826 (Wyo.1963). If, as in this case, an interested party claims an invalid will has been admitted to probate, Wyo. Stat. Ann. § 2–6–301 (LexisNexis 2011) provides procedures for contesting the will:

After a will has been admitted to probate, any person interested may, within the time designated in the notice provided for in W.S. 2–6–122 or 2–7–201, contest the will or the validity of the will. **For that purpose he shall file in the court in which the will was proved a petition in writing containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked.**

(Emphasis added.) In *Wood v. Wood,* 25 Wyo. 26, 164 P. 844 (1917) we stated that a will contest is "collateral" to the petition to submit the will to probate. We explained:

Where the contest is before probate, and comes on for disposal simultaneously with the petition, the hearing of the contest does not dispense with the hearing and disposition of the petition. **In such a case the regular and orderly method of procedure is for the proponent to first present his preliminary proof in support of his petition.** These averments, it must be remembered, are not controverted by any pleading. The so-called 'written grounds of opposition' provided for in section 1312 * * * is not a response to the petition, controverting or avoiding its allegations. **It is a pleading collateral to the petition, and related to it only to the extent that it cannot be filed until there is a petition filed, and that it is in some sense subordinate to it, so that if the petition is dismissed, or if it is denied after the hearing of the formal preliminary proof, the contest falls with it.**

(Emphasis added.)

[¶ 15] Consistent with the notion that a will contest is collateral to the probate proceeding, the district court in this case relied on *Merrill v. District Court,* 73 Wyo. 58, 272 P.2d 597, 599 (1954) in concluding that it did not have jurisdiction over the petition to revoke probate/will contest. Wyo. Compiled

Statutes, 1945, § 6–408 [1] governed the petition to revoke probate in *Merrill* and was similar to the current version set out in § 2–6–301. We stated that subject matter jurisdiction of the probate court attached when the petition to revoke was filed. *Id.* at 599. Applying the *Merrill* rationale to this case, the district court held that, because the neighbors did not have standing, their petition to revoke the probate was not valid and the court did not acquire jurisdiction over the petition to revoke and/or the will contest. It also held that the son's filing of a motion to intervene in the neighbors' ineffectual petition did not resolve the standing or jurisdictional issues.

■ [¶ 16] The district court's ruling ignores the substance of the son's filing. As noted by the district court, the son titled his filing as a motion to intervene and join as a petitioner. It is, however, the substance of a motion rather than its title that determines whether it is authorized under the law. *See, e.g., Plymale v. Donnelly,* 2006 WY 3, ¶ 6, 125 P.3d 1022, 1024 (Wyo.2006); *Mathewson v. Estate of Nielsen,* 2011 WY 71, ¶ 12, 252 P.3d 958, 961 (Wyo.2011) (remarking that motions for reconsideration are not recognized under the rules of procedure and we will look at the substance of the motion instead of its title to determine if the motion is proper or not). In his motion, the son made it clear that, like the neighbors, he claimed the will was invalid. He adopted and incorporated by reference the claims and allegations in their petition, including the assertion that the will was invalid because it was not properly witnessed. His motion continued:

> The movant further alleges the decedent's April 18, 2003 Will should not have been admitted to probate because Mary Jane Sees' August 18, 2010 Testimony of Subscribing Witness on Probate of Will does not comply with the statutory require-

ments in that the Testimony is not substantially in the form required by the statute.

The son claimed he was entitled to one-half of his father's estate under the intestacy laws.

[¶ 17] Wyoming Rule of Civil Procedure 10(c) [2] states, in relevant part: "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion." As such, the son adopted the neighbors' allegations as his own. There is simply no question that the son's filing complied with § 2–6–301's requirements that he file "a petition in writing containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked."

■ [¶ 18] So, while the son's pleading is not entitled "petition to revoke" as provided in § 2–6–301, the substance of his pleading is just that and it was timely filed within three months of the date of the first publication. To dismiss the son's pleading and allow an allegedly invalid will to proceed through probate would be contrary to the intent of the probate statutes as a whole. The son timely filed an objection to the probate and it should have been treated as such.

[¶ 19] Moreover, while the motion to intervene and join was not the most expeditious means of securing a will contest in this case, the district court should have allowed intervention under the circumstances presented here. The son argues he was entitled to intervene under W.R.C.P. 19(a) and 24(a). Rule 19 states in relevant part:

> (a) *Persons to be joined if feasible.*—A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party

---

1. Wyo. Compiled Statutes, § 6–408, 1945, provided as follows:

> After a will has been admitted to probate, any person interested may, at any time within six (6) months after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a petition in writing, containing his allegations against the validity of the

will or against the sufficiency of the proof, and praying that the probate may be revoked.

2. "Except as otherwise provided in the Probate Code, the provisions of the Wyoming Rules of Civil Procedure are applicable to and constitute the rules of practice for all proceedings, new trials or appeals" of probate matters. Wyo. Stat. Ann. § 2–2–308 (LexisNexis 2011).

in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Rule 24 provides in relevant part:

(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

[¶ 20] Under these rules, the son who is one of the father's legal heirs unquestionably has the right to join and intervene in the challenge to the probate of his father's allegedly invalid will. He claims an interest in the subject of the action, *i.e.*, his father's estate, and he is so situated that the disposition of the matter would impair his ability to protect that interest. Indeed, the developer stated in his motion to dismiss the neighbors' petition to revoke the probate:

Both Joanne and her brother may be necessary and indispensable parties as they are heirs. This case cannot be resolved without them. They certainly have rights which need to be protected as it pertains to their interest in the real property.

[¶ 21] The son claims that once he is allowed to intervene and join under Rules 19 and 24, W.R.C.P 17's relation-back principle applies:

(a) *Real party in interest.*—Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such **ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.**[3]

(Emphasis added.) Given that the son is one of the decedent's legal heirs under the intestacy statute, there is no question that the son is a real party in interest to the will contest. Under Rule 17, joinder of the son as the real party in interest has the same effect as if he had commenced the will contest and petition to revoke in the first place.

[¶ 22] The district court ruled that the son was not entitled to intervene in the will contest because the original petitioners, the neighbors, did not have standing and, consequently, the action was never properly commenced. There is authority to support the position that a party cannot intervene in an action where none of the original plaintiffs had standing because the original plaintiffs did not commence a valid action in which to intervene. *See, e.g., Sipes v. Bd. of Mun. & Zoning Appeals,* 99 Md.App. 78, 635 A.2d 86 (1994). However, in *Esposito v. United*

---

**3.** The developer argues that the son's Rule 17 argument should not be considered on appeal because it was not raised below. The record reveals, however, that the son clearly argued to the district court that Rule 17 applied. We will, therefore, consider the argument on appeal.

*States,* 368 F.3d 1271, 1277–78 (10th Cir. 2004), the Tenth Circuit Court of Appeals stated that authority for the concept that substitution should not be allowed in a suit that is a "nullity" is scarce. Instead, the Tenth Circuit stated that F.R.C.P. 17(a) is designed to prevent forfeitures and its relation-back principle should be given broad application. *Id.*

[¶ 23] The case at bar presents a unique set of facts, including that the son's motion to intervene was timely and functionally equivalent to a petition to revoke the probate and the developer conceded that the case could not proceed without the legal heirs of the decedent, including the son. Under these circumstances, there is simply no question that intervention and substitution of the son as the real party in interest should have been allowed, and the joinder "shall have the same effect" as if the petition to revoke probate had been commenced in his name. Because this case involves a unique set of facts, we want to caution that other cases involving intervention and substitution of a real party in interest may require more in depth analysis of the legal principles and the result may be different.

[¶ 24] We hereby remand this matter to the probate court to hold proceedings to determine whether the will is sufficient and was properly admitted to probate. In order to promote judicial efficiency, we offer some guidance to the parties and district court on remand. The right to make a will did not exist at common law, at least with respect to real property; consequently, the right to make a will and dispose of real property is a statutory right and is subject to the control of the legislature. *Merrill v. State,* 21 Wyo. 421, 133 P. 134 (1913). Before a will may be probated, it must comport to the state's statutory scheme. *In re Estate of Reed,* 672 P.2d 829, 831 (Wyo.1983). Neither this Court nor the district court can enlarge, stretch, expand, or extend a probate statute to include a testamentary device not falling within the express provisions of the Wyoming statutes. *Id.* at 833. Section 2–6–112, provides in pertinent part, "**all wills to be valid shall be in writing, or typewritten, witnessed by two (2) competent witnesses** and signed by the testator or by some person in his presence and by his express direction." (Emphasis added.)

[¶ 25] When reviewing the will presented here, we note that, on its face, it does not appear to meet the minimum standards required for a valid Wyoming will.[4] Wyo. Stat. Ann. §§ 2–6–116 and 2–6–112 (Lexis-Nexis 2011). The will is a one-page document with one typewritten sentence and the notarized signature of the decedent. The decedent's signature was notarized, and the notary provided written testimony supporting the document as a will. In the case *In re Estate of Zelikovitz,* 923 P.2d 740 744 (Wyo. 1996) we explained that there was no provision of the Wyoming statutes nor any precedent that would foreclose a notary from serving as a witness, even if she intended to and did sign the document as a notary public. However, the record presented to this Court does not demonstrate or present any evidence that there was a second witness to the will as required by § 2–6–112.

[¶ 26] Long ago, in *Neer v. Cowhick,* 4 Wyo. 49, 31 P. 862, 864 (1892), we held that a holographic will was invalid because it was not properly witnessed. We stated:

> We are forced to the position that the statute relating to proof of holographic wills does not dispense with the necessity

---

4. Considering the obvious defect in the decedent's will, an argument could be made that the district court should not have admitted the will to probate in the first place. Wyo. Stat. Ann. § 2–6–122(c) (LexisNexis 2011) requires that, "Upon the filing of the petition [for probate of a will without administration], proceedings shall be had as provided in W.S. 2–6–203 through 2–6–206, and order issue and notices be given as provided in W.S. 2–6–209 **if the will is found entitled to probate**[.]" (Emphasis added.) Wyo. Stat. Ann. § 2–6–203(a) (LexisNexis 2011) notes:

> Upon the filing of a petition for probate of a will, the court or the clerk may hear it forthwith or at such time and place as the court or clerk may direct, with or without requiring notice, and **upon proof of due execution of the will, admit the same to probate.** (Emphasis added.)

Nevertheless, the proceeding on the petition to revoke the probate in this case will provide an effective means for testing the validity of the will.

of witnesses to them, and that as to such wills the former statute, providing that wills must be witnessed by two competent witnesses, is still in force.

*Id.* at 864.

[¶ 27] While we offer this guidance, we recognize that there may be information that was not provided to this Court on appeal. We, therefore, remand this matter to the district court for further proceedings on the petition to revoke the probate and contest the will.